UNITED STATES of America, Plaintiff-Appellee,

v.

William Edward JEFFERY, Defendant-Appellant.

No. 72-1752.

United States Court of Appeals, Ninth Circuit.

Jan. 18, 1973.

Rehearing Denied Feb. 12, 1973.

Edwin S. Stone of Koenigsberg, Brown, Sinsheimer, Stone & Meltzer, Seattle, Wash., for defendant-appellant.

Stan Pitkin, U. S. Atty., Charles Pinnell, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before CHOY and GOODWIN, Circuit Judges, and JAMESON,* District Judge.

CHOY, Circuit Judge:

William Edward Jeffery was found guilty after a nonjury trial on both counts of an indictment. Count I charged unlawful concealment and facilitating the concealment and transportation of approximately 229.7 grams of heroin, in violation of 21 U.S.C. § 174. Count II charged conspiracy to violate 21 U.S.C. §§ 173, 174. Two five year concurrent sentences were imposed. We affirm.

### FACTS

Federal narcotics agents, acting on information supplied by a reliable informant, had staked out the Seattle-Tacoma International Airport on April 8, 1971. They were attempting to apprehend one Joe Catlin who was supposedly transporting heroin for sale in the Seattle area. The informant's description of Catlin was general: Negro male, thirty years old, tall with a medium build.

At 3:30 a. m. April 9, appellant and one Jan Fuller deplaned from a flight originating in Los Angeles. Appellant matched the description of Catlin. Fuller was recognized by the agents as a narcotics informant. The two suspects split up, but were followed by agents to a deserted baggage area and finally to a restroom. There Fuller was placed under arrest. Appellant was told to face a wall and spread his legs. He was then frisked, manacled and taken to a room where he was questioned. Appellant stated that he did not know Fuller, but had met him only by accident. He was then released. Fuller was questioned separately and, in exchange for immunity, revealed that he had hidden heroin in a construction area of the airport and that appellant was his crime partner.

After a grand jury indictment, appellant was arrested on July 29, 1971. He was given the *Miranda* litany and acknowledged that he understood his rights. He refused to sign a waiver or do anything until he consulted a lawyer. The interviewing agent continued to question appellant who again stated that he did not know Fuller.

At trial, Fuller, in testimony corroborated by his wife and certain business

---

* The Honorable William J. Jameson, United States District Judge for the District of Montana, sitting by designation.

records, revealed the details of a heroin enterprise in which he and appellant were engaged. Fuller described the initiation of the conspiracy, numerous trips to California to obtain heroin, financing and distribution of the narcotics. Appellant admitted his acquaintance with Fuller, but claimed a business relationship of a different nature. He testified that Fuller had approached him about a waterbed and clothing business and that the trips to California were to get ideas for the venture.

Appellant raises two principal contentions. First, that the trial court erred in admitting his statements at the airport and after his July arrest that he did not know Fuller. Second, that he was saddled with ineffective counsel during the trial. We find that the trial court did err in admitting appellant's inconsistent statement, but that the error does not require reversal. We also find appellant's trial counsel was competent.

### APPELLANT'S INCONSISTENT STATEMENTS

█ The facts indicate that appellant was placed under arrest at the airport. Terry v. Ohio, 392 U.S. 1, 16, 88 S.Ct.

1. *Accord*, United States v. Machado, 457 F.2d 1372, 1375 (9th Cir. 1972).

2. 18 U.S.C. Rule 52 provides:
(a) Harmless Error. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.
(b) Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.
The sparse legislative history indicates that the rule is a restatement of pre-1946 law. Wiborg v. United States, 163 U.S. 632, 16 S.Ct. 1127, 41 L.Ed. 289 (1896), was the origin of that law. The Court indicated that it could, in its discretion, notice errors that had not been raised below *sua sponte*: ". . . if a plain error was committed in a matter so absolutely vital to defendants, we feel ourselves at liberty to correct it." (at 658, 16 S.Ct. at 1137, 41 L.Ed. 289). This position was reaffirmed in United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936):

1868, 20 L.Ed.2d 889 (1968). His freedom was restrained not only by the handcuffs, but also by his confinement in a locked room. The custodial interrogation at the airport was not prefaced by the *Miranda* warnings. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Therefore, the statements elicited from the questioning were inadmissible.

█ The mandate of *Miranda* was not complied with after appellant's arrest in July either. The interviewing agent continued to question appellant after he refused to sign a waiver or do anything until he consulted an attorney. This technique is clearly proscribed by *Miranda, supra*, at 474, 86 S.Ct. 1602. If an individual states that he wants an attorney, the questioning must cease.

The *Miranda* violations are being raised for the first time on this appeal. The well-established rule in this Circuit is that "defenses not raised in district court will not be considered on appellate review." Yeater v. United States, 397 F.2d 975, 976 (9th Cir. 1968).[1] The exception to this rule is codified in Rule 52(b) of the Federal Rules of Criminal Procedure, the "Plain Error Rule."[2]

"In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings."
The Federal Rules of Criminal Procedure were adopted in 1946, but it was not until Silber v. United States, 370 U.S. 717, 718, 82 S.Ct. 1287, 8 L.Ed.2d 798 (1962), that the Supreme Court adhered to the "plain error" rule enunciated in *Atkinson* and made reference to Rule 52 (b).
Several guidelines for the application of 52(b) can be gleaned from this limited Supreme Court activity. The use of 52 (b) is discretionary. Invocation of the "plain error" rule is limited to situations where an error is being raised for the first time on appeal. An error is plain only in exceptional circumstances. Unfortunately the Court has not provided much guidance for determining which circumstances are exceptional. Professor

The guidelines for the application of 52 (b) in this Circuit were pronounced in Herzog v. United States, 235 F.2d 664, 666 (9th Cir. 1956) (en banc) cert. denied, 352 U.S. 844, 77 S.Ct. 54, 1 L.Ed. 2d 59 (1956):

> Rule 52(b) . . . is not directed to the party, but is a grant of authority to the court itself . . . . Rule 52(b) was doubtless designed to take care of unusual or extraordinary situations where, to prevent a miscarriage of justice or to preserve the integrity of judicial proceedings, the courts are broadly empowered to notice error of their own motion. The Rule is in the nature of an anchor to windward. It is a species of safety provision the precise scope of which was left undefined. Its application to any given situation must in the final analysis be left to the good sense and experience of the judges.

*Herzog's* guidelines have often been cited by this Circuit [3] and the *Herzog* approach is the majority rule among the other Circuits.[4]

■ Although we have chosen to consider the errors raised by appellant, we find that the erroneous admission of the inconsistent statement was not plain error. This is not such an extraordinary situation where overlooking the error will result in a miscarriage of justice or undermine the fairness of appellant's trial. The central issue at trial was not whether Jeffrey knew Fuller, but whether their business relations involved narcotics. The inconsistent statement, though a reflection on appellant's credibility, was weighed by the judge. The judge observed appellant and his accusers and listened to their testimony. Any influence the statement may have had standing alone was dissipated during the course of the trial.

## EFFECTIVE COUNSEL

■■ At the conclusion of the trial, the district judge commented that appellant's counsel did a "good job" representing him. Deference is given to the trial judge who is in the best position to pass on the sufficiency of counsel. United States v. Boyd, 467 F.2d 1370 (9th Cir. September 22, 1972). We agree that appellant's trial counsel did an adequate job of representing him.

Affirmed.

---

Moore has suggested that 52(b) was intended to apply to errors of substance. He argues that the plain error doctrine "recognizes the need to mitigate in criminal cases the harsh effects of a rigid application of the adversary method of trial, whereby the attorney's conduct binds his client." 8A J. Moore, Federal Practice § 52.02, at 52–4 (2d ed. 1972).

3. Many subsequent decisions of this Circuit have utilized the *Herzog* guidelines though often not referring specifically to that decision. United States v. Bacall, 443 F.2d 1050, 1063 (9th Cir. 1971), cert. denied, 404 U.S. 1004, 92 S.Ct. 565, 30 L.Ed.2d 294 (1971); United States v. Cozzetti, 441 F.2d 344, 352 (9th Cir. 1971); Davis v. United States, 425 F.2d 673, 674 (9th Cir. 1970); Marshall v. United States, 409 F.2d 925, 927 (9th Cir. 1969); Gilbert v. United States, 307 F.2d 322, 326 (9th Cir. 1962); Billeci v. United States, 290 F.2d 628, 629 (9th Cir. 1961).

4. An examination of the decisions of other circuits indicates that the *Herzog* approach is preferable. Miscarriage of justice and fair trial are the prevalent guidelines. United States v. Colabella, 448 F.2d 1299, 1302 (2nd Cir. 1971), cert. denied, 405 U.S. 929, 92 S.Ct. 981, 30 L.Ed.2d 803 (1972)) (Miscarriage of justice, fairness of trial); United States v. Demangone, 456 F.2d 807, 810 (3rd Cir. 1972) (Clearly erroneous); United States v. Harris, 458 F.2d 670, 675 (5th Cir. 1972) (Fundamental to the fairness of trial); United States v. Attaway, 449 F.2d 309, 310 (5th Cir. 1971) (Miscarriage of justice); United States v. Rudinsky, 439 F.2d 1074, 1076 (6th Cir. 1971) (Miscarriage of justice); United States v. Dow, 457 F.2d 246, 250 (7th Cir. 1972) (Prejudicial); Altom v. United States, 454 F.2d 289, 292 (7th Cir. 1972) (Miscarriage of justice); United States v. Robinson, 419 F.2d 1109, 1111 (8th Cir. 1969) (Miscarriage of justice); United States v. Foust, 457 F.2d 653, 654 (10th Cir. 1972) (Manifest injustice); United States v. Powell, 145 U.S.App. D.C. 332, 449 F.2d 994, 997 (D.C.Cir. 1971) (Substantial prejudice).