**Freddie Lamar WESTON,
Plaintiff-Appellant,**

v.

**Jimmy H. ROSE, Warden, Tennessee
State Prison, Defendant-Appellee.**

**No. 74–2240.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 17, 1975.

Decided and Filed Dec. 10, 1975.

Sal Scrofano, Cincinnati, Ohio (Court appointed), for plaintiff-appellant.

R. A. Ashley, Atty. Gen. of Tenn., R. Jackson Rose, Asst. Atty. Gen., Nashville, Tenn., for defendant-appellee.

Before PHILLIPS, Chief Judge, and WEICK and ENGEL, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of the application of Freddie Lamar Weston for a writ of habeas corpus.

The only issue is the action of the State trial judge in delivering the *Allen* charge to a deadlocked jury. *See Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). At the time of the trial of Weston in the State court, the *Allen* charge was authorized under the decisions of the Supreme Court of Tennessee, and its use was not an uncommon practice. The *Allen* charge issue was raised on direct appeal in the State courts, and the conviction was affirmed by the Tennessee Court of Criminal Appeals. Certiorari was denied by the Supreme Court of Tennessee on March 4, 1974 (unpublished).

In *Kersey v. State*, 525 S.W.2d 139, announced June 16, 1975, the Supreme Court of Tennessee held that the *Allen* charge is "prejudicially erroneous" and that the trial courts of Tennessee, when faced with deadlocked juries, must comply with the standards of the American Bar Association relating to trials by jury.

Under 28 U.S.C. § 2254, a writ of habeas corpus will issue "only on the ground that he [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."

In *Roddy v. Black*, 516 F.2d 1380, 1383 (6 Cir. 1975), this court said:

The Great Writ is not an instrument which the federal courts may employ at will to reverse state criminal convictions. Rather it is the means by which federal courts may undo "restraints contrary to our fundamental law, the Constitution." *Fay v. Noia*, 372 U.S. 391, 409, 83 S.Ct. 822, 832, 9 L.Ed.2d 837 (1963).

We conclude that no question of federal constitutional law is presented on this appeal. As pointed out by this court in *United States v. Harris*, 391 F.2d 348, 354 (6th Cir. 1968), *cert. denied*, 393 U.S. 874, 89 S.Ct. 169, 21 L.Ed.2d 145 (1968), the *Allen* charge has been approved by this court in *United States v. Barnhill*, 305 F.2d 164 (6th Cir. 1962), *cert. denied*, 371 U.S. 865, 83 S.Ct. 126, 9 L.Ed.2d 102 (1962), and by the other Circuits "with various degrees of reluctance."

No question of federal constitutional law being presented, the decision of District Judge Robert L. Taylor is affirmed. Our affirmance is without prejudice to any rights that Weston may have under *Kersey* to apply for post-conviction relief in Tennessee State courts.