**Tobias Q. POOLE, Petitioner-Appellant,**

v.

**E. P. PERINI, Respondent-Appellee.**

**No. 80–3711.**

United States Court of Appeals,
Sixth Circuit.

Argued June 3, 1981.

Decided Sept. 18, 1981.

Tobias Q. Poole, pro se.

Kenneth L. Gibson, Cuyahoga Falls, Ohio (Court-appointed) (CJA), for petitioner-appellant.

Randall G. Burnworth, Asst. Atty. Gen., Richard Drake, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before LIVELY, MERRITT and KENNEDY, Circuit Judges.

CORNELIA G. KENNEDY, Circuit Judge.

Appellant, convicted by a jury of aggravated burglary in an Ohio Court, appeals the denial of his petition for writ of habeas corpus. He asserts that the District Court erred in rejecting his four grounds for habeas relief.

He argues: (1) that his right of confrontation protected by the sixth amendment was violated when testimony about the out-of-court statements of two alleged accomplices, Sammy Higgins and Ricky Robinson, was admitted into evidence; (2) that he was denied due process and a fair trial when results of a polygraph examination he took were admitted into evidence; (3) that the evidence was not sufficient to support a verdict; and (4) that he was denied the effective assistance of counsel.

Appellant objected to the admission of the statements of the alleged accomplices and to the admission of the polygraph evidence during trial. The first three of his arguments were presented to the Ohio Court of Appeals on direct appeal and were rejected. A post-conviction motion was filed in state court to challenge the effectiveness of counsel and a hearing was held. The state court found that counsel gave effective assistance. Appellant's motion for leave to appeal to the Ohio Supreme Court was denied. Thus, appellant has exhausted his state remedies and is not barred from making the arguments because of a contemporaneous objection rule. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

Statements of Alleged Accomplices

The State of Ohio claims that appellant drove the "get-away" car for his two accomplices, Higgins and Robinson. Robinson made one confession and implicated appellant. Higgins made two confessions; the first made no mention of appellant, the second implicated appellant. These confessions were recorded. Portions of the tapes were played for appellant by Detective Cross who testified that after listening to them appellant said "Yes, that's true." Appellant who testified on his own behalf admitted listening to portions of the tapes but denied saying that the statements on the tapes were true. The tapes themselves were not played at trial because of references to inadmissible matters, apparently other crimes. Instead, Detective Cross testified as to the contents of the tapes. The substitution of Cross' testimony for the tapes themselves was agreed to by appellant and is not objected to here. Counsel for appellant did, however, vigorously object to the introduction of the contents of the tapes, through the substitute testimony of Cross, as hearsay, since neither declarant was put on the witness stand for cross-examination.

The District Court held that appellant had adopted the statements of Higgins and Robinson and as adoptive confessions they were not hearsay. Appellant does not argue that he adopted the confessions involuntarily—he claims he did not adopt them at all. Appellant further objects that he only heard a portion of the tapes, not the entire tapes. Detective Cross testified as to what was on the tapes without limiting his testimony to the portions that appellant heard.

■ The admission of an out-of-court confession of a non-testifying co-defendant which implicates the defendant violates the defendant's right of confrontation despite a cautionary instruction to the jury that the confession is not evidence against the defendant. *See Bruton v. United States*, 391 U.S. 123, 126, 88 S.Ct. 1620, 1622, 20 L.Ed.2d 476 (1968); *Mayes v. Sowders*, 621 F.2d 850, 856 (6th Cir.), *cert. denied*, 449 U.S. 922, 101 S.Ct. 324, 66 L.Ed.2d 151 (1980); *Hodges v. Rose*, 570 F.2d 643, 646–47 (6th Cir.), *cert. denied*, 436 U.S. 909, 98 S.Ct. 2243, 56 L.Ed.2d 408 (1978). Admission of other forms of hearsay may also violate the confrontation clause if the defendant has no opportunity to cross-examine the declarant. *See Phillips v. Neil*, 452 F.2d 337, 347–49 (6th Cir. 1971), *cert. denied*, 409 U.S. 884, 93 S.Ct. 96, 34 L.Ed.2d 141 (1972) (medical records which had conclusions about defendant's sanity were inadmissible).

The right to confront the witnesses against one is not violated every time hearsay evidence is admitted without an opportunity to cross-examine the declarant. *See Bruton, supra,* 391 U.S. at 135–36, 88 S.Ct. at 1627–28; *Hodges, supra,* 570 F.2d at 646. The out-of-court statement must clearly implicate the defendant and create a substantial risk that the jury looked to the incriminating extrajudicial statements in determining guilt. *See Bruton, supra,* 391 U.S. at 126, 88 S.Ct. at 1622; *United States v. Marks,* 585 F.2d 164, 168 (6th Cir. 1978). This Court must examine whether the hearsay statement has any special indicia of reliability which would justify an exception to the requirement of cross-examination. *See Mayes, supra,* 621 F.2d at 856; *Phillips, supra,* 452 F.2d at 348.

That the lack of cross-examination does not necessarily violate the sixth amendment is demonstrated by the result of the recent Supreme Court case, *Parker v. Randolph,* 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979). There the Court considered the admission of interlocking confessions of the defendant and his co-defendant in a joint trial. The jury had been instructed to consider the co-defendant's hearsay statement only against its source and not as evidence against the defendant. The plurality opinion, written by Justice Rehnquist, held that the confrontation right was not violated by the introduction of interlocking confessions. The damage to the defendant from a nontestifying co-defendant was negligible when the defendant's own confession was introduced. The co-defendant's confession was not any more damaging than the defendant's own. The cautionary instruction, the plurality held, was sufficient protection. Justice Blackmun, concurring, would not adopt a per se rule regarding interlocking confessions. Justice Blackmun instead would have found harmless error, if error there be.

In the present case, appellant had no opportunity to cross-examine his alleged accomplices. That alone does not indicate his right to confront the witnesses against him was violated. This Court must determine what special indicia of reliability are present in this case and, if insufficient, whether any error in admitting the evidence was harmless.

The District Court found a special indicium of reliability because the out-of-court statements were adopted by the appellant. An adoptive confession avoids the confrontation problem because the words of the hearsay become the words of the defendant. If the defendant accepts the out-of-court statement as his own, cross-examination of the declarant of the hearsay becomes unnecessary and irrelevant. The out-of-court statement is no more damaging than the defendant's own. Though not a common issue in the courts, this Court and others have held admissions of adoptive confessions to be proper and rejected challenges based upon the confrontation clause, although the voluntariness of the ratification may still be questioned. *See Miller v. Cardwell,* 448 F.2d 186, 193–196 (6th Cir. 1971), *cert. denied,* 405 U.S. 1033, 92 S.Ct. 1295, 31 L.Ed.2d 490 (1972) (no objection made to voluntariness of ratification); *Shiflett v. Commonwealth of Virginia,* 447 F.2d 50, 58 (4th Cir. 1971) (en banc), *cert. denied,* 405 U.S. 994, 92 S.Ct. 1267, 31 L.Ed.2d 462 (1972); *United States ex rel Cheeks v. Russell,* 424 F.2d 647, 653 (3d Cir. 1970), *cert. denied,* 400 U.S. 994, 91 S.Ct. 465, 27 L.Ed.2d 442 (1971); *Oaks v. Patterson,* 278 F.Supp. 703, 705–06 (D.Colo.1968), *aff'd,* 400 F.2d 392 (10th Cir. 1968) (per curiam).

A defendant cannot adopt an out-of-court statement as his own without some affirmative action on his part. Merely remaining silent while confessions of others are made is not enough to adopt the others' as his own. *See Glinsey v. Parker,* 491 F.2d 337, 342 (6th Cir.), *cert. denied,* 417 U.S. 921, 94 S.Ct. 2630, 41 L.Ed.2d 227 (1974). Similarly, if the defendant had never heard the statements of the others, he could not have adopted them.

In the present case, appellant argues that he did not adopt the statements of his alleged accomplices and that he did not hear all of the tapes to which Detective Cross

testified. He argues there is no evidence of what he actually heard.

Detective Cross testified to the contents of Robinson's statement: Robinson said that appellant was driving and Higgins was with him and they went to the pool room where they met Robinson and a fourth man, Evans. Robinson and Evans got into Higgins' car. They drove to a couple of houses and Higgins and Evans knocked, but no one was home. Then appellant drove to the place of the burglary and Higgins and appellant stayed at the car and Robinson and Evans went to the house. They came back and appellant drove off.

Cross testified that Higgins made two statements. In the first, he did not mention appellant. In the second, Cross asked if he had forgotten anything and reminded him about someone he shoots up with. Higgins remembered that it was Speedo's car and Speedo was driving; Speedo was appellant. Cross admitted that appellant did not hear the entire tapes or Higgins' first statement before responding, "What they said is true, but . . . ." Cross testified, "We allowed him to listen to just a portion of the recordings as to where Ricky Robinson had told of being picked up at the pool room by Tobias Poole, and we allowed him to listen to just approximately the same amount where Mr. Higgins implicated him as being the driver of the car." Cross said that the parts of the Robinson tape and the second Higgins' tape played to appellant were the parts that mentioned "taking off a house." street talk for burglarizing a house.

Appellant testified that Cross told him that two of his buddies said he was there. Appellant said he heard about two minutes of the Robinson tape and about the same amount of the second Higgins' tape. While he denied saying that what he heard was true, appellant admitted hearing the portions of the tapes that said he was involved in "taking off that house."

■ The evidence thus shows that although appellant may not have heard all of the statements reported by Cross, appellant did hear and adopt the statements that he was involved in the burglary and drove the

car. That much of the evidence, then, is not inadmissible hearsay but admissible as an adoptive confession. The remainder of the taped statements about which Cross testified were not adopted and were hearsay, but in light of the statements appellant did adopt, this Court holds that the admission of the remainder was harmless error. The remainder, which included Higgins' first statement which did not implicate appellant at all, could not have been more damaging than the appellant's own statement admitting the truth of statements that he was involved in the burglary and drove the car. Moreover, appellant had been told by Cross the substance of the balance of the statements before he made his incriminatory statement.

## Sufficiency of the Evidence

This Court must determine if a rational trier of fact, after viewing the evidence in the light most favorable to the prosecution, could have found all the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In light of the evidence of the adoptive confession, this Court cannot find that the evidence was insufficient to establish guilt beyond a reasonable doubt.

## Admissibility of Polygraph Evidence

Over appellant's objection, a polygraph expert was allowed to testify that appellant voluntarily took a polygraph test and that the test showed deception. Appellant objects to the introduction of the evidence and the refusal of the trial court to instruct the jury that polygraph evidence is normally inadmissible and that the evidence was only admitted because of the stipulation signed by the prosecution and appellant. The District Court held that as appellant had stipulated that the results of the polygraph test would be admissible, there was no constitutional violation. Appellant does not deny that he signed a stipulation and waiver regarding the admission of the results of the polygraph test; the stipulation is part of the record. He argues that despite his stipulation, the admission was constitution-

al error, particularly when the trial court refused to give a cautionary instruction.

■ State court rulings on instructions or admissibility of evidence may not be challenged in a federal habeas corpus proceeding merely because the rulings are erroneous—the rulings must violate some right guaranteed to the defendant by the fourteenth amendment. *See Cupp v. Naughten*, 414 U.S. 141, 146, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973); *Bell v. Arn*, 536 F.2d 123, 125 (6th Cir. 1976); *Weston v. Rose*, 527 F.2d 524, 525 (6th Cir. 1975) (per curiam).

■ This Court has held that polygraph evidence in a federal trial is incompetent evidence and refusal to admit such evidence is not an abuse of the district court's discretion. *See United States v. Fife*, 573 F.2d 369, 373 (6th Cir. 1976). However, Ohio law does not hold that polygraph evidence is always incompetent. In *State v. Souel*, 53 Ohio St.2d 123, 372 N.E.2d 1318 (1978), the Ohio Supreme Court held that the results of a polygraphic examination are admissible in evidence in a criminal trial for purposes of corroboration or impeachment, provided certain conditions are met. Among those conditions are that a written stipulation be signed and that the trial judge should instruct the jury that the examiner's testimony does not tend to prove or disprove any element of the crime with which a defendant is charged and it is for the jurors to determine what weight and effect such testimony should be given.

■ In the present case, the trial court instructed the jury that they should determine the weight of the testimony of the operator of the lie detector apparatus. The court did not instruct that the operator's testimony did not tend to prove or disprove any element of the crime. This instruction was not proffered by appellant. Rather, appellant wanted the trial court to instruct that polygraph evidence is not admissible but for the stipulation and waiver. Tr. 241. Although appellant is correct that a stipulation is necessary for admission of polygraph evidence, the Ohio Supreme Court did not

hold that the jury must be instructed about this requirement.

The state trial court may have erred in admitting the evidence without more complete instructions, but that error is only recognizable in federal habeas corpus if it deprived appellant of a fair trial. *See Bell, supra*, 536 F.2d at 126; *Weston, supra*, 527 F.2d at 525 (no habeas corpus relief where Allen charge was given and Tennessee law held Allen charge to be prejudicial but Sixth Circuit held it did not violate federal constitutional right).

A similar issue was presented to the Eighth Circuit in *United States v. Oliver*, 525 F.2d 731 (8th Cir. 1975), *cert. denied*, 424 U.S. 973, 96 S.Ct. 1477, 47 L.Ed.2d 743 (1976). There, as in the present case, the defendant agreed to take a polygraph test and agreed the results could be offered in evidence by the government. The results were offered in evidence and showed deception. The court there held that the admission of a polygraph test would be within the discretion of the trial court where the defendant knowingly, intelligently, and voluntarily waived his right to object to the polygraph evidence. We agree that the admission of polygraph evidence by mutual consent is within the discretion of a trial court.

Effectiveness of Counsel

Appellant argues he was denied the effective assistance of counsel because trial counsel failed to call either Robinson or Higgins to the stand. The District Court held that the failure to call the witnesses was based upon considerations of trial tactics and was not ineffective assistance of counsel.

The state court conducted an evidentiary hearing on appellant's post trial motion claiming ineffective assistance of counsel. At the hearing, trial counsel testified he did not interview the witnesses and did not have them testify as Higgins and Robinson would have been his witnesses and he could not have cross-examined them nor impeached their testimony, as both witnesses had made prior statements implicating the appellant, and as Higgins' attorney had

said his client would refuse to answer questions on fifth amendment grounds. Higgins and Robinson testified at this hearing that they would have testified that appellant was not involved. The state court held that counsel was effective.

 The state court post-conviction proceeding provided appellant with a hearing at which the material facts were developed and the merits of the factual dispute were resolved. No new evidence was presented to the District Court or to this Court. The hearing provided in the state court was a full and fair hearing. No further hearing on the issue of the effective assistance of counsel is required. *See Townsend v. Sain,* 372 U.S. 293, 312–13, 83 S.Ct. 745, 756–57, 9 L.Ed.2d 770 (1963) (standards for when a hearing in federal court reviewing a petition for habeas corpus from state court conviction is required). Moreover, the determination by the state court is presumed to be correct in a federal habeas court unless this Court determines the record as a whole does not support the factual determination or appellant proves by clear and convincing evidence that the factual determination was erroneous. *See* 28 U.S.C. § 2254(d); *Sumner v. Mata,* 449 U.S. 539, 545, 101 S.Ct. 764, 768, 66 L.Ed.2d 722 (1981).

To protect the defendant's sixth amendment right to counsel, counsel must be reasonably likely to render and must render reasonably effective assistance. Counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect the defendant's interest, undeflected by conflicting considerations. Defense tactics which a lawyer of ordinary training and skill would not consider reasonable are not effective assistance, but the defendant has not been denied effective assistance by erroneous tactical decisions if, at the time, the decisions would have seemed reasonable to the competent trial attorney. *See Beasley v. United States,* 491 F.2d 687, 696 (6th Cir. 1974).

The state trial court found that trial counsel was reasonably effective. That finding is supported by the record as the record indicates the decisions not to call Robinson and Higgins as witnesses were reasonable tactical decisions. Appellant has not shown by clear and convincing evidence that the state trial court's finding was clearly erroneous. Therefore, neither the District Court nor this Court may substitute its review of the record for the determination by the state court. *See Sumner, supra,* 449 U.S. at 542–51, 101 S.Ct. at 767–771.

The judgment of the District Court is affirmed.