UNITED STATES of America,
Plaintiff-Appellee,

v.

Timothy McKINNEY,
Defendant-Appellant.

No. 81–1636.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 16, 1982.

Decided May 23, 1983.

---

* The Honorable Wm. Matthew Byrne, Jr., United States District Judge for the Central District of California, sitting by designation.

Phillip Cronin, Asst. U.S. Atty., Fresno, Cal., for defendant-appellant.

Harry E. Hull, Jr., McDonough, Holland & Allen, Sacramento, Cal., for plaintiff-appellee.

Before TRASK and POOLE, Circuit Judges, and BELLONI,* District Judge.

* Honorable Robert C. Belloni, United States District Judge for the District of Oregon, sitting by

TRASK, Circuit Judge:

Appellant Timothy McKinney appeals his jury trial conviction for armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d).

In June 1981, three armed men robbed the Sequoia Savings and Loan in Fresno, California. Indictments were returned against Timothy McKinney, Larry Simmons and Joe Jennings. Jennings pled guilty to the bank robbery charge. McKinney was convicted in a jury trial on September 17, 1981. On November 12, 1981, Simmons was convicted in a jury trial.

I

█ At trial, FBI Agent Hobart Johnson was a witness for the government. His testimony concerned conversations he had with Evonne Walker several days after the robbery. Evonne Walker was Larry Simmons' girlfriend. Agent Johnson, relying on his report of his conversation with Walker testified as follows:

Q. What did she say in regard to seeing McKinney on the 11th of June?

A. When she saw him, he had on a dark blue jogging suit.

Q. What time did she see him?

A. At about 11:30 that morning.

Q. Where did she see him?

A. With Larry and Joe at her apartment.

Q. And what did she tell you about the circumstances under which she saw Tim McKinney, Larry Simmons, and Joe Jennings at her apartment at 11:30?

A. That when they came in, *Larry told her they robbed a bank.*

Q. And what were the words that she said he used?

A. That Larry used?

Q. Yes.

A. That *they had just robbed a bank.* (Emphasis added).

Evonne Walker had testified earlier that she had no recollection of the statement

designation.

Simmons allegedly made to her or of her conversation with Agent Johnson. Simmons did not testify at McKinney's trial. The above quoted testimony came in over the hearsay objections of McKinney's attorney.

We find that admission of Agent Johnson's testimony violated McKinney's sixth amendment right "to be confronted with the witnesses against him." The sixth amendment issue was not raised in the district court and was neither briefed nor argued in this court. "In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." *Silber v. United States,* 370 U.S. 717, 718, 82 S.Ct. 1287, 1288, 8 L.Ed.2d 798 (1962) *quoting United States v. Atkinson,* 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936); *United States v. Jeffery,* 473 F.2d 268, 270–71 (9th Cir.), *cert. denied,* 414 U.S. 818, 94 S.Ct. 42, 38 L.Ed.2d 5 (1973); Rule 52(b) Fed.R.Crim.P. This case presents exceptional circumstances.

## II

■ The Confrontation Clause is not an absolute impediment to the introduction of extra judicial statements. If the statements are necessary and reliable they may be introduced at trial. *Ohio v. Roberts,* 448

1. Had Simmons been called as a witness at McKinney's trial it is likely he would have asserted his constitutional right against self-incrimination. Such an assertion makes the declarant unavailable for purposes of the Confrontation Clause. *United States v. Fleishman,* 684 F.2d at 1338.

2. As the testimony of Agent Johnson was double hearsay, the necessity and reliability of the statements by Simmons and Walker both need to be examined for Confrontation Clause purposes. We have determined that admission of Simmons' statement against McKinney violated his confrontation rights, *see infra,* and, therefore, do not reach the issue of Walker's statement.

   We note that Walker testified she did not recall Simmons statement to her. A lapse of

U.S. 56, 65, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597 (1980); *United States v. Fleishman,* 684 F.2d 1329, 1330–31 (9th Cir.1982). The necessity requirement is satisfied by showing the declarant is unavailable. On the record before us we can not determine if Simmons was available to testify at McKinney's trial.[1] We can determine the reliability of Agent Johnson's testimony and find it to be unreliable for Confrontation Clause purposes.

■ The testimony of Agent Johnson was double hearsay—McKinney to Walker and Walker to Johnson.[2] In *Ohio v. Roberts* the Supreme Court stated that, for Confrontation Clause purposes, "[r]eliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception."[3] 448 U.S. at 66, 100 S.Ct. at 2539. This court, however, rejected this notion, at least for the coconspirator exception[4] in *United States v. Perez,* 658 F.2d 654, 660 n. 5 (9th Cir.1981). We stated:

> Although the hearsay rules and the confrontation clause promote similar values, admissibility under a hearsay exception does not *a fortiori* dissolve the court's obligation to review the record for constitutional infirmity. This principle has particular force when the admission of evidence is sought under the coconspirator exception: Admission under the coconspirator exception does not automatically guarantee compliance with the confrontation clause. *Id.* at 660. (citations omitted.)

memory may satisfy the necessity requirement of the Confrontation Clause. *See California v. Green,* 399 U.S. 149, 167–68, 90 S.Ct. 1930, 1939–1940, 26 L.Ed.2d 489 (1970).

3. As examples of firmly rooted hearsay exceptions the Court listed, dying declarations, cross-examined prior-trial testimony, and business and public records. 448 U.S. at 66 n. 8, 100 S.Ct. at 2539 n. 8.

4. Fed.R.Evid. 801(d)(2)(E), states:
   A statement is not hearsay if—
   the statement is offered against a party and is . . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

In this circuit, therefore, if the hearsay falls into an exception, it *may* be reliable for confrontation clause purposes.[5] Conversely, if the hearsay does not fall into an exception it is conclusively unreliable.[6] Our first inquiry is whether the two levels of hearsay in Agent Johnson's testimony fall within hearsay exceptions.

### III

■ Agent Johnson testified that Larry Simmons told Evonne Walker that they (Simmons, McKinney and Jennings) had just robbed a bank. The government contends that McKinney's silence in the face of Simmons' statement constituted an adoptive admission pursuant to Federal Rule of Evidence 801(d)(2)(B)[7] and, therefore, was not hearsay.

In *United States v. Sears,* 663 F.2d 896 (9th Cir.1981), *cert. denied,* 455 U.S. 1027, 102 S.Ct. 1731, 72 L.Ed.2d 148 (1982), we reviewed the foundation required prior to admitting evidence as an adoptive admission. We said:

> Before admitting a statement as an admission by acquiescence, the District Court must determine, as a preliminary question, whether under the circumstances an innocent defendant would normally be induced to respond. The District Court should not submit the evidence of an admission by silence to the jury unless it first finds that sufficient foundational facts have been introduced for the jury reasonably to conclude that the defendant did actually hear, understand and accede to the statement. 663 F.2d at 904.

We find that the foundation in this case was inadequate and, therefore, the district court erred in admitting the statement.[8]

Walker testified that she had no recollection of the statement Simmons supposedly made to her in McKinney's presence. Agent Johnson, relying on the report of his conversation with Walker, gave the testimony set forth earlier in this opinion. His testimony does not provide an adequate foundation to introduce the statement as an adoptive admission. From this testimony it is impossible to determine where McKinney was when Simmons made the statement. We can not determine if McKinney heard and understood the statement or if the circumstances were such that one could expect him to respond to the statement.

### IV

■ Having determined that Agent Johnson's testimony violated McKinney's right to confront witnesses against him, we must now determine if that error requires reversal of the district court verdict. Violations of the confrontation clause require reversal unless they are harmless beyond a

---

**5.** In *Fleishman,* we discussed the analysis which should be followed to test statements which fall into the coconspirator exception. We stated:

> The four reliability factors discussed in *Dutton* [*v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213] and *Perez* are: (1) whether the declaration contained assertions of past fact; (2) whether the declarant had personal knowledge of the identity and role of the participants in the crime; (3) whether it was possible that the declarant was relying upon faulty recollection; and (4) whether the circumstances under which the statements were made provided reason to believe that the declarant had misrepresented the defendant's involvement in the crime. The reliability factors discussed in *Dutton,* however, are not to be considered exhaustive, nor are all factors required to be present in order to admit the declarations. An additional factor, sometimes discussed and its relevance debated, is

whether the testimony of the coconspirator was "crucial" or "devastating."
*United States v. Fleishman,* 684 F.2d at 1339 (citations omitted).

**6.** In *Ohio v. Roberts* the Court stated that if evidence does not fit into a hearsay exception it must be excluded "at least absent a showing of particularized guarantees of trustworthiness." 448 U.S. at 66, 100 S.Ct. at 2539. This statement appears to approximate the showing required by the "catch all" hearsay exceptions. See Fed.R.Evid. 803(24) and 804(b)(5).

**7.** Fed.R.Evid. 801(d)(2)(B) states:
> A statement is not hearsay if—
> The statement is offered against a party and is ... a statement of which he has manifested his adoption or belief in its truth.

**8.** We do not reach the issue of whether Walker's statement to Johnson fits into a hearsay exception.

reasonable doubt. *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *United States v. Hollingshead,* 672 F.2d 751, 755 (9th Cir.1982).

■ The evidence linking McKinney to the robbery is not overwhelming. The government presented three witnesses who were employees of the savings and loan when it was robbed. These three witnesses identified McKinney in very general terms based on his height and build.[9] The government also introduced several items seized at McKinney's apartment including a blue knit cap with stockings inside, a green plaid shirt and a 38 caliber revolver. The seized clothing was similar to clothing worn by one of the robbers but not the robber identified as McKinney. The revolver was similar to the one carried by the tallest robber (supposedly McKinney). There was also tenuous evidence of McKinney and Simmons being together at another savings and loan a week prior to the robbery and acting suspicious.

Agent Johnson's erroneously admitted statement was tantamount to a confession by McKinney. This testimony was highly prejudicial. In light of the relatively weak evidence against McKinney, we can not say that the jury was not influenced by Agent Johnson's testimony. The error was not harmless beyond a reasonable doubt and, accordingly, we reverse the judgement of the district court.

BELLONI, District Judge, dissenting:

I dissent. The majority opinion demonstrates the possibility of error that exists when a court injects into a case an issue that the parties did not raise, brief or argue at trial or on appeal. The majority concludes: that the judge committed "plain error" under the Confrontation Clause of the Sixth Amendment by admitting into evidence, over the objection of the appellant under Fed.R.Evid. 403, certain testimony of Special Agent Johnson; that the "plain error" was not "harmless beyond a reasonable doubt," *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *United States v. Hollingshead,* 672 F.2d 751, 755 (9th Cir.1982); and that, therefore, reversal is required. The majority's analysis does not support a reversal.

The majority describes the testimony of Agent Johnson as double hearsay—the appellant to Walker and Walker to Johnson.[1] The characterization is erroneous. The first-level statement contains two components: the accusatory statement by Simmons, and the appellant's adoption of the statement by his silence. Neither of the components constitutes hearsay, and it is, therefore, incorrect to speak of Agent Johnson's testimony as double hearsay.

Without first considering whether a Confrontation Clause analysis is appropriate for the first-level statement, the majority begins examining the first-level statement, for "necessity" and "reliability" under *Ohio v. Roberts,* 448 U.S. 56, 65, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597 (1980), and *United States v. Fleishman,* 684 F.2d 1329 (9th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct.

9. McKinney was supposedly the tallest of the three robbers. One government witness described the tall robber as approximately 6′1″ wearing a brown nylon stocking mask and carrying a short-barreled, greyish colored gun. She could not testify as to the color of his clothes. In an interview with Agent Johnson she picked out two photographs from a lineup as looking similar to the tall robber. One of those pictures was of McKinney.

The second government witness described the tall robber as approximately 6′1″. He carried a small, dark, silver colored revolver similar to that produced at trial. She agreed with McKinney's counsel that she would be unable to positively identify the robbers since they wore masks. She stated she chose McKinney's photo out of a lineup based primarily on his upper body build.

The third government witness could not identify McKinney's face or recall his clothing. When asked if she could identify McKinney as the tallest robber she replied, "I'm not sure, but it seems like I've seen him before." She chose McKinney's photo out of a lineup based on the size of his shoulders.

1. Walker was Simmons's girlfriend, with whom Simmons lived at the time of the robbery, and she was interviewed by Agent Johnson on two occasions shortly after the robbery. At the time of the appellant's trial, Walker had married Simmons.

464, 74 L.Ed.2d 614 (1982). Because the majority mixes together the two component statements in its analysis of the first-level statement, I cannot tell whether the majority is holding that the admission of Simmons's statement, or of the appellant's adoption of the statement, or of both in concert, violated the Confrontation Clause.[2] Whatever the majority's intent, I disagree with its conclusion.

To the extent the majority decides that the admission of Simmons's statement presents a problem under the Clause, the majority's holding is directly at odds with part of the holding in *United States v. Giese,* 597 F.2d 1170 (9th Cir.), *cert. denied,* 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979). *Giese* holds *inter alia,* that statements like Simmons's come in only to lay the foundation for showing the accused's failure to deny the statements, and are not hearsay because they are not offered to prove the truth of the matter asserted. *Id.* at 1195; *see* Fed.R.Evid. 801(c). Under *Giese,* because Simmons's statement was not offered for its truth, the appellant cannot have any constitutional right to cross-examine Simmons. 597 F.2d at 1105; *see Anderson v. United States,* 417 U.S. 211, 220, 94 S.Ct. 2253, 2260, 41 L.Ed.2d 21 (1974). Accordingly, the majority's discussion whether or not Simmons was "available" for trial is irrelevant. Instead of assuming that Simmons was "unavailable" the majority should have followed *Giese.*[3]

Because *Giese* undercuts any contention that Simmons's statement could be the source of a Confrontation Clause problem, the problem, if one exists, would have to be in the admission of appellant's own "statement by silence." To the extent the majority raises this issue, it creates the odd situation of having the "declarant" object on hearsay grounds to the admission of his own statement. As the court stated in *United States v. Evans,* 572 F.2d 455 (5th Cir.), *cert. denied,* 439 U.S. 870, 99 S.Ct. 200, 58 L.Ed.2d 182 (1978), when faced with an appellant that raised the issue, "[t]his is an ironic twist in that the rule against hearsay has as its primary purposes the protection of the right of litigants to confront witnesses against them and to test their credibility through cross-examination." *Id.* at 487. As was stated in *Evans,* this "unique situation" should certainly color the court's consideration of the issue. *Id.* at 488 (citing Fed.R.Evid. 102).

The *Evans* court found the answer to its problem in the principle, recognized also in this Circuit, that "[a]ny and all statements of an accused person, so far as are not excluded by the doctrine of confessions or by the privilege against self-incrimination, are usable against the accused as an admission, and are not hearsay." *Id.* at 488.[4]

2. The majority looks to Simmons as the declarant to determine "necessity," decides because of an inadequate record to assume that Simmons was "unavailable," and on the strength of this assumption goes on to analyze "reliability." The majority, however, switches its focus at this point to the appellant and the statement he made by silently adopting Simmons's statement. The majority concludes that the record provides an inadequate foundation for the admission of the appellant's "statement," and is, therefore, "unreliable." I have two comments. First, even if a Confrontation Clause analysis were appropriate, the majority's discussion would be faulty because it looks to the "availability" of one declarant and the "reliability" of another. Second, any inadequacies in the trial record on this point are doubtless due to the appellant's failure to object on hearsay or Confrontation Clause grounds to the testimony of Agent Johnson. The majority does not discuss whether the absence of a proper objection ought to have an impact on this appeal.

3. In *Giese,* the court did not find any violation of the Confrontation Clause in the admission into evidence of the accusatory statement of a Mr. Brown, whose statement in turn contained an accusatory statement by a Mr. Severin that Brown was reporting to the appellant. The statements all came in as background for the appellant's adoptive admission.

4. Fed.R.Evid. 801(d) was amended to exclude admissions by a party opponent from the category of hearsay. As stated in the notes appended to the Rule, "[a]dmissions by a party opponent are excluded from the category of hearsay on the theory that their admissibility in evidence is the result of the adversary system rather than satisfaction of the conditions of the hearsay rule." Fed.R.Evid. 801 advisory committee note to subdivision (d)(2) (citing Strahorn, *A Reconsideration of the Hearsay Rule and Admissions,* 85 U.Pa.L.Rev. 484, 564 (1937); Morgan, *Basic Problems of Evidence*

See United States v. Weiner, 578 F.2d 757, 770 (9th Cir.), *cert. denied,* 439 U.S. 981, 99 S.Ct. 568, 58 L.Ed.2d 651 (1978).

The *Evans* principle may not completely solve the problem here, however, because the appellant's admission was a special kind of admission: an adoptive admission under Fed.R.Evid. 801(d)(2)(B). The applicability of the Confrontation Clause to adoptive admissions has not been a common issue in the case law, but a number of courts have held that the admission of adoptive statements is proper and they have rejected Confrontation Clause arguments against the admission of this kind of statement (the same courts have recognized, however, that a defendant still can challenge the voluntariness of his ratification of the statement). *See Poole v. Perini,* 659 F.2d 730 (6th Cir.1981), *cert. denied,* 455 U.S. 910, 102 S.Ct. 1259, 71 L.Ed.2d 450 (1982) (see particularly the cases cited at 659 F.2d 733 and the accompanying discussion).

As the court in *Perini* states, "An adoptive [statement] avoids the confrontation problem because the words of the hearsay become the words of the defendant." Other relevant case authority includes *United States v. Lemonakis,* 485 F.2d 941 (D.C.Cir. 1973), *cert. denied,* 415 U.S. 989, 94 S.Ct. 1586, 39 L.Ed.2d 885 (1974) (court affirmed

a trial judge's admission into evidence of certain incriminating statements adopted by the appellant and stated that "the exclusionary principles embodied in the Confrontation Clause [do not] nullify the well-established reasons for making such admissions exceptions to the hearsay rule." *Id.* at 949 (citations omitted))[5]; and *United States v. Giese,* 597 F.2d at 1197 ("Neither due process, fundamental fairness, nor any more explicit right contained in the Constitution is violated by the admission of the silence of a person, not in custody or under indictment [,] in the face of accusations of criminal behavior").[6]

The majority's opinion does not make good law to the extent it concludes that the Confrontation Clause can be violated by the admission at trial against an accused of his own out-of-court adoptive statements. The accused will always be "available" at trial, and he can, if he chooses confront and rebut his out-of-court statements through his own direct testimony or through the introduction of other evidence. If he chooses not to do so, that is his right too. *See United States v. Rylander,* —— U.S. ——, 103 S.Ct. 1548, 1552, 75 L.Ed.2d 521 (1983). Moreover, as the *Perini* decision and others recognize, an accused has every opportunity to interpose a proper objection and to make

265 (1962); and 4 Wigmore § 1048). See Graham, M. *Handbook of Federal Evidence* § 801.-15 ("While formerly considered an exception to the hearsay rule, in recognition of its position in the adversary system, Rule 801(d)(2) defines an admission by a party-opponent as not hearsay. Lack of opportunity to cross-examine is deprived of significance by the incongruity of the party objecting to his own statement on the ground that he was not subject to cross-examination by himself at the time." (Footnotes omitted).

**5.** The *Lemonakis* case involved the admissibility of the taped conversation of the appellant and a co-defendant that included statements by the co-defendant that came in against the appellant as adoptive admissions. The case was decided at a time when admissions were treated as exceptions to the hearsay rule. The *Lemonakis* court noted, however, the pendency of the change in the Rules to exclude admissions by definition from the category of hearsay. *Id.* at 949, n. 10. The *Lemonakis* court concluded, however, that even under the then-current state of affairs, the Confrontation Clause was

not violated by the admission of adoptive statements.

**6.** The appellant did not contend, specifically, in *Giese* that the admission into evidence of the appellant's adoptive statements violated the Confrontation Clause. The appellant did make a Confrontation Clause argument against the admission of the statements of others that he was alleged to have adopted. The appellant also made a number of specific challenges to the admission of his own statements. The court conducted a very careful inquiry into all of these specific issues and could well have reviewed the adoptive admissions for a Confrontation Clause problem under the "plain error" rule if it felt such review was warranted. Based on the facts and legal issues in *Giese,* the court's statement that the admission of the appellant's silence did not violate any explicit right contained in the Constitution becomes persuasive, although not conclusive authority, on the issue presented here.

the government prove to the court, preliminarily, and to the jury, ultimately, that the accused heard and understood the statement yet failed to deny it when a reasonable person would have done so.

Accordingly, I would conclude that neither Simmons's statement nor the appellant's adoptive admission properly could have been the basis of an objection under the Confrontation Clause. The majority does not reach any issue about the second-level statement on Agent Johnson's testimony so I do not discuss it here. If this case is to be decided on the basis of the Confrontation Clause, I would require a re-briefing and oral argument. The majority does not reach any of the other issues presented in the appeal, so it would be imprudent of me to address them here. For the reasons set forth above, I respectfully dissent.