758 F.2d 652
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RONALD G. GUINN, PETITIONER-APPELLEE,
v.
ERIC DAHLBERG, JAMES A. RHODES, GOVERNOR OF THE STATE OF
OHIO, CLARENCE CLARK, CHAIRMAN, OHIO PAROLE BOARD,
RESPONDENT-APPELLANT.
 NO. 83-3797
 United States Court of Appeals, Sixth Circuit.
 2/6/85
 
 On Appeal From the United States District Court for the Southern District of Ohio
 BEFORE: ENGEL, KEITH and JONES, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Clarence Clark, Chairman of the Ohio Parole Board, appeals from a district court order granting appellee Ronald Guinn a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The district court granted the writ based upon appellee's arguments that: (1) the admission of hearsay testimony violated his sixth amendment right to confrontation of witnesses; and (2) the admission of evidence of appellant's prior convictions violated Ohio Rule of Evidence 609 and denied him due process of law and a fair trial. Since we conclude habeas relief was appropriate given the presence of prejudicial error from the first claim, we do not address the second argument.
 
 
 2
 Appellee Guinn was convicted by jury of carrying a concealed weapon in violation of O.R.C. Sec. 2923.12 and of having a weapon under a disability in violation of O.R.C. Sec. 2923.13. At trial, appellee testified he had never owned a gun and denied using a gun in an armed robbery for which he had been previously convicted. To rebut this testimony and undermine appellee's credibility, the prosecution called the police officer who compiled the investigatory report of the armed robbery. The officer testified that he had received reports that a gun was involved in the armed robbery and that someone had identified appellee as the participant in the robbery. On cross-examination, however, the officer could not remember whether one or more suspects were involved in the robbery. The trial court cautioned the jury to consider the officer's testimony only for assessing petitioner's credibility. The State Court of Appeals determined the police officer's testimony was offered for the truth of the matter asserted and that it was, therefore, inadmissible hearsay. The state court concluded, however, that the error did not affect appellee's substantial rights and was merely harmless error.
 
 
 3
 Upon habeas review, the district court did not agree that admission of the officer's hearsay testimony constituted harmless error. The district court determined that the error raised a violation of the sixth amendment right to confrontation and that since the parties agreed appellee's credibility was the primary issue on which the jury would decide the case, the officer's testimony could well have been determinative of guilt or innocence. Joint Appendix at 59 (citing Napue v. Illinois, 360 U.S. 264, 269 (1959) and Poole v. Perini, 659 F.2d 730 (6th Cir. 1981), cert. denied, 455 U.S. 910 (1982)).
 
 
 4
 The right to confront witnesses is not violated each time hearsay evidence is admitted without opportunity to cross-examine the out-of-court declarant. Bruton v. United States, 391 U.S. 123, 135-36 (1968); Hodges v. Rose, 570 F.2d 643, 646 (6th Cir.), cert. denied, 436 U.S. 909 (1978). Hearsay testimony must clearly implicate the defendant and create a substantial risk that the jury looked to the testimony in determining his guilt. Bruton, 391 U.S. at 126; Poole v. Perini, 659 F.2d at 733.
 
 
 5
 The district court noted that the evidence of guilt in this case was underwhelming. Indeed, appellant concedes that the case turned on appellee's credibility. Given this unusual context, we cannot conclude the officer's hearsay testimony challenging appellee's contention that he had never owned or used a gun was not the determinative factor in the jury's verdict of guilt. Nor do we conclude special indicia of reliability render admission of the officer's hearsay testimony harmless. See Poole v. Perini, 659 F.2d at 733. We find no error in the district court's application of the law on this issue to the facts of this case. Accordingly, the judgment of the Honorable S. Arthur Spiegel is affirmed.
 
 
 6
 ENGEL, Circuit Judge, dissenting.
 
 
 7
 I respectfully dissent, although I concede that my difference with the majority is primarily judgmental. I concede that admissibility of the hearsay, which the jury was instructed to consider only for purposes of determining credibility, was at least doubtful under normal rules of evidence. At best, however, the hearsay testimony did no more than restate what the jury already properly had before it--that the defendant had been previously convicted of armed robbery. Therefore, little, if anything, new was introduced by the hearsay testimony, and I doubt whether under such circumstances its admission rose to the level of a constitutional violation. Accordingly, I would respect the state court's judgment that in the context of the trial the error was harmless. Since I believe that the first issue was improperly decided, I believe it is necessary to reach the second issue which was not reached by the majority. In my opinion, the district court was clearly wrong in ruling that the violation of a state rule of evidence concerning admission of prior convictions amounted to a denial of federally guaranteed due process of law. Accordingly, I would vacate the judgment of the district court and remand for dismissal of the petition.