765 F.2d 144
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
OTIS MACK GIBSON, PETITIONER-APPELLANT,
v.
HERMAN C. DAVIS, WARDEN, RESPONDENT-APPELLEE.
 NO. 84-5859
 United States Court of Appeals, Sixth Circuit.
 5/13/85
 
 ORDER
 BEFORE: KEITH and KRUPANSKY, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 Gibson requests counsel on appeal from the district court's judgment denying his petition for a writ of habeas corpus. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Gibson was convicted by a Memphis, Tennessee jury of assault with intent to commit first degree murder. He was sentenced to twenty-five years imprisonment. He has exhausted his state remedies. Gibson's petition raises six issues: the sufficiency of the evidence, an error by the state court clerk, a similar acts question, the admission of hearsay from a police officer, prosecutorial misconduct, and the admission of hearsay in medical records.
 
 
 3
 The district court held that the threats made by Gibson and the numerous stab wounds were sufficient to establish intent to commit murder. Jackson v. Virginia, 443 U.S. 307, 313 (1979). The court held that the hearsay evidence in the medical report and the police officer's testimony were sufficiently reliable so that there was no confrontation clause violation. Ohio v. Roberts, 448 U.S. 56, 66 (1980); Payne v. Janasz, 711 F.2d 1305, 1314 (6th Cir.), cert. denied, ---- U.S. ----, 104 S.Ct. 552 (1983). The court held that the error by the clerk and the similar acts evidence were questions of state law which did not rise to the level of a constitutional violation. Poole v. Perini, 659 F.2d 730, 735 (6th Cir. 1981), cert. denied, 455 U.S. 910 (1982). Finally, the court held that the prosecutor's misstatement of the law in closing argument was an isolated occurrence which did not tend to mislead the jury, especially because the proof against Gibson was strong. Webster v. Rees, 729 F.2d 1078, 1080 (6th Cir. 1984). We agree with the holdings of the district court.
 
 
 4
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.