**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Vincent Neal WELLS, Defendant–**
**Appellant.**

No. 01–30091.

D.C. No. CR–95–00011–RHW.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2002.*

Decided Jan. 25, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

MEMORANDUM [**]

Vincent Neal Wells appeals the district court's revocation of his supervised release and imposition of a 21–month sentence of imprisonment following his admission that he had violated the conditions of his release. We have jurisdiction under 28 U.S.C. § 1291. Wells' counsel has submitted a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and a motion to withdraw as counsel of record. Wells has filed a pro se supplemental brief. Because we conclude that there are no arguable issues for review, we affirm the judgment of the district court.

■ Counsel has identified one potential issue for review: whether a defendant who has already served the statutory maximum term of imprisonment for the underlying offense of conviction may be sentenced to an additional term of imprisonment for violation of supervised release. We agree that this issue lacks merit based on our decision in *United States v. Purvis*, 940

F.2d 1276, 1279 (9th Cir.1991) (concluding that 18 U.S.C. § 3583 authorizes revocation of supervised release even where the resulting incarceration, combined with the term of incarceration for the substantive offense, exceeds the maximum under the substantive statute).

In his pro se supplemental brief, however, Wells contends that there are six meritorious issues that warrant review: (1) his *Miranda* rights were violated by his federal probation officer's questioning after his DUI arrest; (2) the district court at sentencing on his underlying offense did not advise him that he may be subject to an additional term of incarceration beyond the statutory maximum if he violated the terms of supervised release; (3) counsel was ineffective for failing to argue against an additional term being imposed; (4) his incarceration violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the revocation violation should have been submitted to a jury and proven beyond a reasonable doubt; (5) his guilty plea to the violation was not knowing and voluntary as required by Fed.R.Crim.P. 11 because the district court did not advise him that he had the right to a jury determination of the violations; and (6) he was entitled to credit for time spent in state prison on the DUI charge which formed the basis for his violations. These contentions lack merit.

Wells' contention that his Miranda rights were violated is raised for the first time on appeal, and, therefore, is subject to plain error review. *United States v. Jeffery*, 473 F.2d 268, 270 (9th Cir.1973) (concluding that absent plain error, defenses not raised in the district court will not be considered on appellate review). Because Wells admitted numerous other violations at his revocation hearing, however,

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

any error did not affect his substantial rights. *See* U.S.S.G. § 7B1.1(b).

Wells' next contention, that he was not told of the supervised release term at any time during proceedings on the underlying offense, is belied by the record. The transcripts demonstrate that the district court advised Wells, both at the change of plea and sentencing, of the supervised release term. We, therefore, reject any contention that he was not advised of such term. Furthermore, because the record is not sufficiently developed, we decline to review Wells' allegation that counsel was ineffective. *United States v. Ross*, 206 F.3d 896, 900 (9th Cir.2000) (restating that claims of ineffective assistance of counsel are generally inappropriate on direct appeal).

 Wells' reliance on *Apprendi* to argue that the violations should have been submitted to a jury is misplaced. Wells simply fails to appreciate that his supervised release revocation hearing was not subject to the same procedural safeguards as the prosecution of his original offense. *United States v. Soto–Olivas*, 44 F.3d 788, 792 (9th Cir.1995), *see also United States v. Segal*, 549 F.2d 1293, 1298–99 (9th Cir. 1977) (concluding that defendants have no right to a jury trial at a probation revocation hearing). Similarly, Wells' contention that his admission was not voluntary under Fed.R.Crim.P. 11(c)(3) because he was not advised of his right to a jury, also lacks merit. *Id.* (concluding that Rule 11 protections do not apply in probation revocation hearings).

Finally, Wells never asked the district court to grant credit for time served in state custody, therefore, we refrain from consideration of this belated request. *United States v. Cade*, 236 F.3d 463, 467 (9th Cir.2000) (declining to consider claim,

raised for the first time on appeal, that defendant was entitled to credit for time served), *cert. denied*, 533 U.S. 937, 121 S.Ct. 2568, 150 L.Ed.2d 732 (2001).

Our independent review of counsel's brief, Wells' pro se supplemental brief, and the record, pursuant to *Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), indicate that there are no further arguable issues for review. Accordingly, counsel's motion to withdraw is GRANTED, and the district court's judgment is AFFIRMED.