The State of Ohio, Appellee, v. Jones, Appellant.
The State of Ohio, Appellee, v. Taylor, Appellant.
(Two cases.)

[Cite as State v. Jones (1970), 22 Ohio App. 2d 67.]

(Nos. 3453, 3503 and 3504—Decided April 2, 1970.)

*Mr. David D. Dowd, Jr.,* and *Mr. Clay E. Hunter,* for appellee.

*Miss Violet J. Tarcai,* for appellants.

Van Nostran, P. J. These three appeals on questions of law are lodged in this court and consolidated on the grant of a motion for leave to file a delayed appeal after the expiration of the time within which appeal could have been filed as a matter of right. A like motion was previously overruled by this court but the substantial issue here and now raised was not raised then. See admonitory opinion of the Supreme Court of Ohio, *State* v. *Jones* (1965), 4 Ohio St. 2d 13.

In the *Jones case* the unanimous *per curiam* opinion states in part at page 13:

"Although a large number of questions were raised, this court was and is of the opinion that there was only one question raised which might possibly have justified a reversal of the judgments of conviction in these cases. That question was whether the trial court erred in admitting against these defendants the confession of one Hunter, who was indicted at the same time as the defendants for the commission of the same alleged crime but was tried separately, when Hunter was not called as a witness and defendants were given no opportunity to cross-examine Hunter."

The concurring opinion of Judge Herbert at page 14, in which Judge Schneider joined, states:

"It appears that the accused in the cases at bar were denied this fundamental right of confrontment now made obligatory on the states.

"The appellants, however, did not assign or specify this denial as error before the Court of Appeals on November 12, 1964, when they sought leave to appeal, obviously because *Pointer* v. *Texas, supra* [380 U. S. 400], had not yet been decided.

"This claim of a substantial federal right should be heard and, as a matter of federal law, must be heard. See *Henry* v. *Mississippi*, 13 L. Ed. 2d 408, 415.

"Orderly, as well as fair, procedure requires that the Court of Appeals be afforded the opportunity to reconsider its judgments in the light of *Pointer* v. *Texas.*"

We have limited our consideration to the 1st and 4th assignments of error. No. 1 goes to the allowance of Hunter's out-of-court statement to be read to the jury, and No. 4 goes to the admission of Hunter's statement itself in evidence.

Various other assignments of error are urged but none of these appear to be prejudicial, are not well taken and are overruled.

We reverse and remand to the Common Pleas Court for further proceedings according to law.

The facts underlying this appeal are not disputed.

The written statement of one Alfred Hunter (a. k. a. Alfred Fowler) was introduced and admitted in evidence *over objection*. It implicated all persons present in the Bloodworth residence on the night of October 31, 1963, as participants in purchasing and using paregoric in violation of the narcotics laws of the state of Ohio, as alleged in the joint indictment.

Alfred Hunter's statement was made out of the presence of any of these three defendants. It was made after arrest and while in police custody. The statement in no way was pursuant to the purposes of the alleged conspiracy. *Hunter, although under subpoena, was not called as a witness*. Nevertheless the trial court, over objection, admitted the statement and permitted it to be read to the jury. The claimed error, which was not heretofore raised in the previous motion for leave to appeal, is that the admission of this statement under the circumstances was error prejudicial to the defendants.

After the defendants were jury convicted and court sentenced, the Supreme Court of the United States decided the case of *Pointer* v. *Texas* (1965), 380 U. S. 400, 13 L. Ed. 2d 923, 85 S. Ct. 1065.

Boiled down to its essentials, *Pointer* holds in effect that an out-of-court statement of a coconspirator who is not a witness is inadmissible because there is no opportunity of confrontation and cross-examination as guaranteed by the Sixth and Fourteenth Amendments to the federal Constitution.

That case is clearly dispositive of this appeal. However, we deem it appropriate to comment upon two contentions tendered by the state.

First, the state claims that the admission of this out-of-court statement of a coconspirator is a time honored exception to the general hearsay rule which excludes out-of-court statements.

Without regard to how much of the coconspirator exception remains after *Pointer,* this case does not come within the common-law exception. In order to be

within such exception, the statement must be made before the conspiracy is terminated and must be made to further the conspiracy. See, for example, *Fiswick* v. *United States* (1945), 329 U. S. 211, 91 L. Ed. 196, 67 S. Ct. 224; *Krulewitch* v. *United States* (1949), 336 U. S. 440, 93 L. Ed. 790, 69 S. Ct. 716; *Dowdy* v. *United States* (1931), 46 F. 2d 417. See, also, a collection of cases cited in 4 Wigmore on Evidence 3 Ed. 127, Section 1079.

The case of *State* v. *DeRighter* (1945), 145 Ohio St. 552, cited by the state does not state a different rule as contended. It merely states that the conspiracy is not necessarily terminated by the commission of the conspired crime. The general rule as stated in *DeRighter, supra,* is that the act and declarations related by a coconspirator occurred during the pendency of the unlawful enterprise and in furtherance of the common object of the conspiracy.

Thus, even by the well establishd nonconstitutional rules of evidence, the out-of-court testimony or statement of Alfred Hunter was improper, obviously prejudicial, and, this being a direct appeal, justifies vacating the conviction solely on the ground of local Ohio law. All *Pointer* v. *Texas, supra,* added to the existing state rule was to create a substantial federal right, the primary significance of which is the addition of a federal forum for this evidentiary error and the right to collateral relief in a state court.

Second, the state contends that *Pointer* v. *Texas* should be given only prospective application. The essence of this contention raises the question as to whether a new declaration of constitutional law should be applied prospectively only. The state cites *Stovall* v. *Denno* (1967), 388 U. S. 293, at 298, 18 L. Ed. 2d 1199, 87 S. Ct. 1967. *Stoval* and its precedessors, *Johnson* v. *New Jersey* (1966), 384 U. S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772; *Tehan* v. *United States, ex rel. Shott* (1966), 382 U. S. 406, 15 L. Ed. 2d 453, 86 S. Ct. 459; and *Linkletter* v. *Walker* (1965), 381 U. S. 618, 14 L. Ed. 2d 601, 85 S. Ct. 1731, were all decided in context of criminal trial exclusionary rules of evidence. Each of those new rules, which were refused retroactive application in those cases, was molded to protect a right, at

least in part, having nothing to do with its probity of guilt or innocence. Rather it was at the expense of truth determining functions of the trial that the evidence was excluded. Generally it can be said that the constitutional right of privacy, protected by both the Fourth and Fifth Amendments, was to be protected by punishing the state, thus inferentially its agents—usually the police, for such violation by denying it the use of evidence obtained through violation. Thus, in a sense, the state is to be denied a fair trial because its agents have been unfair before trial.

*United States* v. *Wade* (1967), 388 U. S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926, is distinguished from *Pointer* by the presence in *Wade* (to a great degree) and complete absence in *Pointer* of the other two considerations militating against retroactive application: (a) prior reliance on an opposite rule and (b) disruption of the administration of justice (which is merely a circuitous way of saying there would be a floodtide of prisoners released). *Wade* upset universal reliance upon an opposite rule. *Pointer* merely gave constitutional sanction to an almost universally accepted and common-law rule.

The United States Supreme Court held in *Pointer*, that "the confrontation guarantee of the Sixth Amendment" including the right of cross-examination " 'is to be enforced against the states under the Fourteenth Amendment according to the same standards that protect those personal rights against federal encroachment.' "

The *Pointer* rule is best stated in the concurring opinion of Mr. Justice Stewart in the *Pointer case, supra,* at page 410: "It [the right to cross-examine a live witness] is, I think, as indispensable an ingredient [to a fair trial] as the right to be tried in a courtroom presided over by a judge."

The Supreme Court of the United States has implicitly held that *Pointer* v. *Texas* is to be given a retrospective or retroactive application in a case of this kind. See *Brookhart* v. *Janis* (1966), 384 U. S. 1, 16 L. Ed. 2d 314, 86 S. Ct. 1245, a case which incidentally came out of Stark County and was tried before the same judge, but two years earlier than the case at bar.

For the reasons herein stated the judgments are reversed and the causes remanded to the Common Pleas Court of Stark County for further proceedings according to law.

*Judgments reversed.*

RUTHERFORD and McLAUGHLIN, JJ., concur.

McLAUGHLIN, J., retired, assigned to active duty under authority of Section 6 (C), Article IV, Constitution.