802 F.2d 459
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gregory PARR, Petitioner-Appellant,
v.
Dale FOLTZ, Respondent-Appellee.
 No. 85-1556.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1986.
 
 Before LIVELY, Chief Judge, MILBURN, Circuit Judge, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Gregory Parr appeals the decision of the district court denying his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. As grounds for habeas relief, petitioner asserted (1) that at sentencing, the trial judge erred in relying on an inaccurate presentence report and a two year-old report from a psychologist; (2) that the trial court erred in refusing to compel endorsement of res gestae witnesses; (3) that the trial court erred in refusing to give a requested jury instruction on conflicting testimony; and (4) that he was denied effective assistance of counsel on direct appeal because his appointed lawyer either failed to raise or inadequately argued the above alleged trial errors.
 
 I.
 
 2
 Petitioner was convicted by a Michigan jury of raping one Clare Zee Imboden. The victim's testimony showed that on the day of the crime, she spent the afternoon drinking and smoking marijuana at the apartment of friends of her boyfriend, while awaiting her boyfriend's arrival. At some point petitioner arrived at the apartment and after meeting the victim, informed her that he knew a secret telephone number where her boyfriend could be reached. The victim accompanied petitioner to his apartment in the same building in order to contact her boyfriend. After petitioner's attempts to do so failed, a fight ensued, followed by the rape. Although petitioner did not testify, his statements made to police officers set forth a defense of consent by the victim.
 
 
 3
 Following petitioner's conviction on April 12, 1979, for first-degree criminal sexual conduct in violation of Mich.Comp.Laws Ann. Sec. 750.520(b)(1)(f) (Supp.1986), the trial judge sentenced petitioner to a term of eighteen to forty years imprisonment. On October 1, 1980, the Michigan Court of Appeals reversed the conviction and remanded for a new trial. On December 17, 1980, petitioner was once again convicted of first-degree criminal sexual conduct. This time the trial judge sentenced petitioner to a term of eighteen to fifty years imprisonment on a finding that petitioner's behavior in prison following his first conviction, as well as the report of a clinical psycholo gist, established that petitioner was "a much more damaged and more dangerous person that we realized at the time of your first sentencing." App. at 104.
 
 
 4
 Counsel was appointed to represent petitioner on appeal. On September 3, 1982, the Michigan Court of Appeals affirmed the conviction in an unpublished opinion. On September 10, 1982, newly retained counsel filed an Applica tion for Rehearing and Motion to File Supplemental Brief arguing that appointed counsel had failed to raise and adequately present to the Court of Appeals substantial and meritorious issues warranting reversal of the conviction. On October 5, 1982, the Michigan Court of Appeals denied the motion. Petitioner then filed an unsuccessful Application for Leave to Appeal to the Michigan Supreme Court.
 
 II.
 
 5
 To the extent that petitioner's claims are asserted apart from his ineffective assistance of counsel claim, we find them to be without merit because the issues involve asserted errors of state law that do not rise to a constitutional violation of due process. See Pulley v. Harris, 465 U.S. 37, 104 S.Ct. 871, 875 (1984); Fuson v. Jago, 773 F.2d 55, 59 (6th Cir.1985); Walker v. Engle, 703 F.2d 959, 962 (6th Cir.), cert. denied, 464 U.S. 951 (1983). As to petitioner's ineffective assistance of counsel claim, the district court held that although appointed counsel's performance on direct appeal was deficient, petitioner was not prejudiced thereby. Without addressing the question of whether counsel's performance was deficient, we agree with the district court's reasoning and holding that petitioner was not prejudiced by any of the alleged errors petitioner attributes to his appointed counsel on direct appeal. Therefore, we hold the district court properly rejected petitioner's claims of ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2068, 2069-70 (1984) (defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different; court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies).
 
 III.
 
 6
 Accordingly, upon consideration of the briefs and record herein, and after oral argument, the judgment of the district court is AFFIRMED for the reasons stated in the entered opinions of District Judge Richard F. Surheinrich dated April 3, 1985, and June 5, 1985.