Roger STEPHENSON, Petitioner,

v.

Paul RENICO, Respondent.

No. 02–74290.

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 8, 2003.

Roger Stephenson, St. Louis, MI, pro se.

Brenda E. Turner, Laura G. Moody, Michigan Department of Attorney General, Lansing, MI, for Respondent.

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

EDMUNDS, District Judge.

### I. Introduction

Petitioner Roger Stephenson, a state inmate currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. For the reasons set forth below, the Court denies the petition.

### II. Procedural History

Following a jury trial in Washtenaw County Circuit Court, in which charges in two separate informations were consolidated for one trial, Petitioner was convicted of one count of armed robbery, five counts of assault with a dangerous weapon, and four counts of felony firearm. He was sentenced on February 13, 1998, to twenty-five to sixty years imprisonment for the armed robbery conviction, thirty-two to forty-eight months imprisonment for each of three of the assault with a dangerous weapon convictions, and two years imprisonment for each of the felony firearm convictions. He was sentenced as a fourth habitual offender to ten to fifteen years imprisonment for each of two assault with a dangerous weapon convictions.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

 I. Mr. Stephenson was denied his state and federal due process rights to a fair trial when the trial court admitted, over defense objection, Mr. Stephenson's statement in response to police questioning that he did not want to go back to prison in order to show the specific intent required for the felonious assault charges involving the police officers.

 II. Mr. Stephenson's armed robbery sentence of 25 to 60 years was disproportionate to the seriousness of the circumstances of this offense and this offender.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *People v. Stephenson,* Nos. 217450, 217451, 2000 WL 33417521 (Mich. Ct.App. June 23, 2000).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Stephenson,* Nos. 117234–5, 463 Mich. 922, 630 N.W.2d 619 (Mich. Nov. 29, 2000).

Thereafter, Petitioner filed a motion for relief from judgment in the trial court, presenting the following claims:

 I. Was defendant denied his state and federal due process rights to a fair trial when the court admitted, over defense objection, defendant's prior bad acts [in the form of his state-

ment to police that "he did not want to go back to prison"] in the guise of showing specific intent required for the felonious assault charges involving arresting police officers?

II. Were the prosecutor's improper remarks alluding to defendant's previous armed robbery convictions, which were overheard by some of the jurors, so prejudicial as to deny defendant a fair and impartial trial?

III. Was defendant's armed robbery sentence of 25 to 60 years disproportionate to the seriousness of the circumstances of the offense?

On May 23, 2001, the trial court issued an Opinion and Order Denying Defendant's Motion for Relief from Judgment. *People v. Stephenson,* Nos. 98–10260–FC; 98–10683–FH (Washtenaw County Circuit Court May 23, 2001).

Petitioner filed applications for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal. *People v. Stephenson,* No. 237463 (Mich.Ct.App. Feb. 20, 2002); *People v. Stephenson,* No. 121210 (Mich. Sept. 30, 2002).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the same claims presented on collateral review in state court.

### III. Facts

Petitioner's convictions arise out of the robbery of a gas station in Ypsilanti Township, on April 29, 1998.

Hakim Albarkat, the gas station clerk, testified that, on April 29, 1998, at approximately 6:50 a.m., Petitioner entered the gas station, pointed a gun at him, and told him to give Petitioner the money from the cash register drawer.

Sherry Anning, Nathan Baryo, and Valorie Duzan each testified that they entered the gas station on that morning during the robbery. Each testified that Petitioner showed them his gun and ordered each into the back room.

Deputy Sheriff Jeffrey Carak testified that, on the morning of April 29, 1998, he and his partner, Deputy Mike Trester, responded to a reported armed robbery at a gas station in Ypsilanti Township. As they were driving toward the gas station, Deputies Carak and Trester spotted Petitioner walking down a street near the gas station. Both men thought Petitioner fit the description of the robbery suspect. Deputy Carak testified that he exited his car, and ordered Petitioner to take his hands out of his pockets. When he did so, Petitioner had a handgun in one hand. Deputy Carak and his partner continued to order Petitioner to drop the gun. Petitioner briefly pointed the gun at Deputy Carak, then pointed the gun at his own temple. He then dropped his arms to his side, and began walking, while still carrying the gun. Deputy Carak, his partner, and a third deputy, Deputy Hill, continued to order Petitioner to drop the gun. Deputy Carak testified that Petitioner suddenly stopped walking, turned, and pointed the gun at Deputy Hill. In response, Deputies Trester and Hill fired their weapons, shooting Petitioner.

Petitioner testified in his own defense. In support of the defense theory that Petitioner was too intoxicated to form the specific intent to commit armed robbery or felonious assault, he testified that he was very intoxicated on the day of the robbery, and had very little memory of what occurred.

### IV. Analysis

#### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132,

110 Stat. 1214 ("AEDPA") altered the standard of review federal courts must apply when reviewing applications for a writ of habeas corpus. The AEDPA applies to all habeas petitions filed after the effective date of the act, April 24, 1996. Because petitioner's application was filed after April 24, 1996, the provisions of the AEDPA, including the amended standard of review, apply to this case.

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir.1998). Additionally, this Court must presume the correctness of state court factual determi-

nations. 28 U.S.C. § 2254(e)(1)[1]; *see also Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir.1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases....

A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1519–20, 146 L.Ed.2d 389 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 1521. The Court defined "unreasonable application" as follows:

[A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable...

[A]n unreasonable application of federal law is different from an incorrect application of federal law.... Under § 2254(d)(1)'s "unreasonable applica-

---

**1.** 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

tion" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1521–22.

## B. Admission of Petitioner's Statement to Police

The trial court admitted a tape of statements Petitioner made to Michigan State Police Detective Brian Albright during an interview at the hospital on April 30, 1998. During that interview, in response to a question from Detective Albright as to why he did not drop his gun when directed to do so by police, Petitioner stated he would "rather get shot than go back to prison." The defense objected to admission of this statement because it indicated that Petitioner had committed previous acts for which he had been imprisoned. The defense also suggested that if the court chose to admit the statement, the word "back" should be redacted. The state court admitted the entire, unredacted statement. Petitioner argues that admission of this statement violated his rights under the Due Process Clause.

 " '[F]ederal habeas corpus review does not lie for errors of state law.' " *Estelle v. McGuire,* 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991), *quoting Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990). "Habeas review does not encompass state court rulings on the admission of evidence unless there is a constitutional violation." *Clemmons v. Sowders,* 34 F.3d 352, 357 (6th Cir.1994), *citing Fuson v. Jago,* 773 F.2d 55, 59 (6th Cir.1985), *cert. denied* 478 U.S. 1020, 106 S.Ct. 3334, 92 L.Ed.2d 739 (1986). *See also Estelle,* 502 U.S. at 72,

112 S.Ct. 475 (holding that a federal court may not grant habeas corpus relief simply on the basis that a trial court incorrectly interpreted state evidence rules to allow admission of prior bad acts evidence). "When an error involving the violation of a state court rule rises to the level of depriving the defendant of fundamental fairness, the claim is remediable on a petition for habeas corpus relief." *Matlock v. Rose,* 731 F.2d 1236, 1242 (6th Cir.1984) (internal citations omitted).

The last state court to issue a reasoned opinion regarding this claim, the Michigan Court of Appeals, held, in pertinent part:

Defendant first argues that the trial court erred in admitting his statement that he did not drop his gun pursuant to police orders because "he'd rather get shot than go back to prison" or in refusing to redact the word "back" from the statement. We disagree. This Court reviews a trial court's decision to admit evidence for an abuse of discretion. . . .

Pursuant to M.R.E. 404(b) evidence of other crimes, wrongs, or acts is admissible if the evidence is (1) offered for a proper purpose other than to prove the defendant's character or propensity to commit a crime (2) relevant to an issue or fact or consequence at trial, and (3) sufficiently probative to outweigh the danger of unfair prejudice.

To the extent the contested evidence falls within the confines of M.R.E. 404(b) as the parties claim, we hold that it was properly admitted for the proffered purpose of showing defendant's intent. At trial, defendant asserted the theory that he was intoxicated and therefore lacked the specific intent to commit armed robbery and felonious assault. In response, the prosecutor offered defendant's statement that he did not want to go back to prison to establish that he possessed the requisite intent when he assaulted two

police officers after repeatedly refusing to drop his weapon; not to show that he was predisposed to commit the offenses. The evidence was relevant to negate defendant's theory with respect to an essential element of the offenses and the only element contested at trial. We also agree with the trial court that the word "back" only increased the statement's probative value because "someone who has been to prison once may fear it more than someone who has never been to prison." Further, the statement's probative value was not substantially outweighed by its prejudicial effect where the jury never heard evidence regarding the nature of the offense that led to imprisonment, and the jury twice received appropriate limiting instructions.... Therefore, the trial court did not abuse its discretion in admitting the contested evidence at trial.

*People v. Stephenson*, slip op. at 1–2.

■ Petitioner fails to show that the trial court's admission of this evidence deprived him of his fundamental right to a fair trial or resulted in any other violation of his constitutional rights. Accordingly, Petitioner is not entitled to habeas corpus relief with respect to these claims.

## C. Alleged Prosecutorial Misconduct

Petitioner alleges that he is entitled to habeas corpus relief because the prosecutor engaged in misconduct. Specifically, Petitioner alleges that while he was testifying, the prosecutor interrupted Petitioner's testimony to approach the bench. Petitioner contends that, as he was passing by the jury box, the prosecutor whispered, "Your Honor. He's already been convicted of other armed robberies. He's getting dangerously close ..."

Respondent argues that this claim is barred from review by the doctrine of

procedural default. The doctrine of procedural default provides:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Such a default may occur if the state prisoner fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review, e.g., to make a contemporaneous objection, or file a motion for a directed verdict. *United States v. Frady*, 456 U.S. 152, 167–69, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir.1996). Application of the cause and prejudice test may be excused if a petitioner "presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." *Rust v. Zent*, 17 F.3d 155, 162 (6th Cir.1994); *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

■ For the doctrine of procedural default to apply, a firmly established state procedural rule applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with that state procedural rule. *Warner v. United States*, 975 F.2d 1207, 1213–14 (6th Cir.1992), *cert. denied*, 507 U.S. 932, 113 S.Ct. 1314, 122 L.Ed.2d 702 (1993). Additionally, the last state court from which the petitioner sought review must have invoked the state procedural rule as a basis for its decision to reject review of the petitioner's federal

claim. *Coleman,* 501 U.S. at 729–30, 111 S.Ct. 2546. If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

■ Petitioner's prosecutorial misconduct claim was presented for the first time in Petitioner's motion for relief from judgment. The last state court to issue a reasoned opinion regarding these claims, the Michigan Supreme Court, denied leave to appeal "because the defendant has failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." *People v. Stephenson,* No. 121210 (Mich. Sept. 30, 2002). The Sixth Circuit Court of Appeals has held that M.C.R. 6.508(D) is a firmly established and regularly followed state ground precluding subsequent federal habeas review absent a showing of cause and prejudice where the rule was in effect at the time of a petitioner's direct appeal. *Luberda v. Trippett,* 211 F.3d 1004, 1007 (6th Cir.2000), *citing Rogers v. Howes,* 144 F.3d 990 (6th Cir. 1998). M.C.R. 6.508(D) was enacted in October 1989. Petitioner was convicted in 1998. Thus, M.C.R. 6.508(D) was a firmly established and regularly followed state procedural bar at the time of Petitioner's conviction and direct appeal. The Sixth Circuit Court of Appeals has also held that even a judgment as brief as the one by which the Michigan Supreme Court denied leave to appeal in this case is sufficient to invoke the doctrine of procedural default. *Simpson v. Jones,* 238 F.3d 399, 408 (6th Cir.2000). Accordingly, the state court's judgment clearly rested on a procedural bar and the doctrine of procedural default is invoked.

Therefore, this Court may not review Petitioner's claim unless he has established cause for the default and actual prejudice as a result of the alleged violation of federal law or unless he has demonstrated that failure to consider this claim will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750, 111 S.Ct. 2546.

■ Petitioner asserts as cause to excuse his procedural default an argument that his defense attorney was unable to assert the prosecutorial misconduct claim at trial because he was not immediately aware of the claim. However, this argument fails to assert any cause to excuse Petitioner's failure to present this claim on direct appeal. In addition, the trial court, in denying Petitioner's motion for relief from judgment held that Petitioner's self-serving affidavit regarding the statement allegedly made by the prosecutor lacked merit. Petitioner has failed to present any facts or arguments which would call that finding into question or establish that finding was contrary to or an unreasonable application of Supreme Court precedent. Thus, he has failed to establish cause to excuse his procedural default.

Because Petitioner has failed to establish cause to excuse his procedural default, this claim is barred from review unless Petitioner can establish that a constitutional error resulted in a fundamental miscarriage of justice. *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

The Supreme Court explicitly has tied the miscarriage of justice exception to procedural default to a petitioner's innocence. *Schlup,* 513 U.S. at 321, 115 S.Ct. 851. Thus, the petitioner must assert a constitutional error along with a claim of innocence. To make a showing of actual innocence, "a petitioner must show that it is more likely than not that no reasonable

juror would have found the petitioner guilty beyond a reasonable doubt." *Id.* at 327, 115 S.Ct. 851. The Court further explained this standard as follows:

The ... standard is intended to focus the inquiry on actual innocence.

. . . .

... [A]ctual innocence does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

*Id.* (internal quotation omitted).

■ Applying the *Schlup* standard of actual innocence to Petitioner's case, Petitioner has presented no new evidence, in light of which, no juror, acting reasonably, would have found him guilty beyond a reasonable doubt. Thus, his prosecutorial misconduct claim is procedurally defaulted.

### D. Sentencing Claim

Finally, Petitioner claims that he is entitled to habeas corpus relief because the twenty-five to sixty year sentence imposed for the armed robbery conviction was disproportionate.

There exists no constitutional right to strict proportionality in sentencing. *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). However, the Eighth Amendment prohibits "extreme sentences that are grossly disproportionate to the crime." *Id.* at 995, 111 S.Ct. 2680. The Sixth Circuit has held that "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *United States v. Organek,* 65 F.3d 60, 62–63 (6th Cir.1995); *see also United States v. Williams,* 15 F.3d 1356, 1364 (6th Cir.1994) (holding that, generally, a sentence within statutory limitations does not violate the Eighth Amendment); *Hutto v. Davis,* 454 U.S. 370, 374, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (holding that "federal courts should be reluctant to review legislatively mandated terms of imprisonment and ... successful challenges to the proportionality of particular sentences should be exceedingly rare") (internal quotations omitted).

■ The State of Michigan sentencing guideline for armed robbery is life or any number of years. Mich. Comp. Laws § 750.529. Therefore, Petitioner was sentenced in accordance with the Michigan sentencing guidelines. Accordingly, the Court finds that the sentence imposed by the trial court does not offend the Eight Amendment, and the Michigan Court of Appeals' decision that it was not disproportionate was not contrary to or an unreasonable application of Supreme Court precedent.

### V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**