STATE of Wisconsin, Plaintiff-Respondent,
v.

Richard MYREN, Defendant-Appellant.†

Court of Appeals

*No. 86–0037–CR. Submitted on briefs August 5, 1986.—Decided September 18, 1986.*

(Also reported in 395 N.W.2d 818.)

---

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

---

For the defendant-appellant, the cause was submitted on the brief of *Roger W. LeGrand,* of La Crosse.

For the plaintiff-respondent, the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Daniel J. O'Brien,* assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J.    Richard Myren appeals from a judgment convicting him on two counts of burglary,

party to the crime, secs. 943.10(1) and 939.05(1), Stats. He argues that the trial court improperly admitted at trial evidence of an accomplice's confession and the accomplice's testimony at the preliminary hearing. Because the accomplice was unavailable at the trial, Myren claims that he was denied his right to confront the witness. Myren also claims that the court should have granted his motion for mistrial because of an impermissibly suggestive out-of-court photographic identification of him. We conclude that admission of the accomplice's confession violated Myren's right of confrontation but the error was harmless, that admission of the accomplice's preliminary hearing testimony did not violate Myren's confrontation rights, and no impermissible out-of-court photographic identification occurred. We therefore affirm.

## FACTS

Myren and P.B., a juvenile, were taken into custody by the La Crosse city police on November 14, 1984, and interrogated separately in connection with burglaries which occurred in the city between October 27 and November 12, 1984. P.B. orally confessed and implicated Myren in a number of the burglaries, including the two for which Myren was convicted. The jury heard recordings of P.B.'s confession.

P.B. testified at Myren's preliminary hearing pursuant to a plea bargain by which he agreed to cooperate with the state in prosecution of Myren. His testimony at the preliminary hearing implicated Myren in the burglaries. P.B. could not be located to testify at Myren's trial. Over Myren's objection, P.B.'s testimony was read to the jury.

■

Myren objected on hearsay and confrontation grounds to the admission of P.B.'s confession. The standard to be applied in determining whether hearsay evidence is admissible in a criminal case is summarized in *State v. Bauer*, 109 Wis. 2d 204, 215, 325 N.W. 2d 857, 863 (1982). However, a hearsay analysis is academic where the hearsay evidence is the in-custody confession of an accomplice. The confession of an accomplice inculpating the accused is presumptively unreliable as to the parts detailing the accused's conduct or culpability, since the accomplice may desire to shift the blame, curry favor with the authorities, or divert attention to another. *Lee v. Illinois*, 476 U.S.—, 90 L. Ed.2d 514 (1986). Unless the presumption of unreliability is rebutted, such a confession cannot be used against the accused at trial without the benefit of cross-examination, and its admission violates the accused's right of confrontation. *Id.*

*Lee* involved the admissibility against a defendant of an accomplice's confession made while in custody. Lee and her boyfriend were tried jointly in a bench trial for a double murder. The trial court relied on portions of the boyfriend's confession, obtained by the police at the time of arrest, as substantive evidence against her. Illinois contended the boyfriend's confession fit within the declaration-against-interest exception, a "firmly rooted hearsay exception." *Id.*, 476 U.S. at—, 90 L.Ed.2d at 527, citing *Ohio v. Roberts*, 448 U.S. 56, 66 (1980). The Supreme Court emphasized, however, "the [Confrontation] Clause countenances only hearsay marked with such trustworthiness that 'there is no material depar-

434

ture from the reason of the general rule.' [*Roberts*], at 65, 65 L Ed 2d 597, 100 S Ct 2531, 17 Ohio Ops 3d 240, quoting *Snyder v. Massachusetts*, 291 U.S. 97, 107, 78 L Ed 674, 54 S Ct 330, 90 ALR 575 (1934)." *Id.*, 476 U.S. at—, 90 L. Ed.2d at 528. The Court stated:

> We reject respondent's categorization of the hearsay involved in this case as a simple "declaration against penal interest." That concept defines too large a class for meaningful Confrontation Clause analysis. We decide this case as involving a confession by an accomplice which incriminates a criminal defendant.

*Id.*, n. 5.[1]

*Lee* makes a hearsay analysis academic in the instant case. We turn to a Confrontation Clause analysis.

The sixth amendment to the United States Constitution is applicable to the states, *Pointer v. Texas*, 380 U.S. 400 (1965), and requires that: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witness against him . . . ." Art. I, sec. 7 of the Wisconsin Constitution requires that: "In all criminal prosecutions the accused shall enjoy the right . . . to meet the witnesses face to face . . . ." "[T]he right of confrontation is satisfied in a constitutional sense only where a meaningful cross-examination of the witness who actually uttered the assertions is possible." *Virgil v. State*, 84 Wis.2d 166, 186, 267 N.W.2d 852, 862 (1978).

---

[1] *See also Fuson v. Jago*, 773 F.2d 55 (6th Cir. 1985), *cert. denied*, 54 U.S.L.W. 3866 (July 7, 1986), holding that the confession of a deceased codefendant, made while in custody, was not admissible against his codefendants as a statement against interest.

"[W]hen one person accuses another of a crime under circumstances in which the declarant stands to gain by inculpating another, the accusation is presumptively suspect and must be subjected to the scrutiny of cross-examination." *Lee*, 476 U.S. at—, 90 L.Ed.2d at 526. The presumption of unreliability may be rebutted and such a statement may meet Confrontation Clause standards if it is supported by a "showing of particularized guarantees of trustworthiness." *Id.*, 476 U.S. at—, 90 L.Ed.2d at 528, citing *Roberts*, 448 U.S. at 66.

The circumstances surrounding P.B.'s confession do not rebut the presumption. P.B. and Myren were interrogated separately. Thus, Myren had no opportunity to contradict P.B. and P.B. did not have to face Myren in making his accusations. P.B.'s statements implicating Myren were not tested by contemporaneous cross-examination by counsel, or its equivalent. *Lee*, 476 U.S. at—, 90 L.Ed.2d at 528. P.B. had the motive to incriminate Myren that all partners in a crime have when they realize the "jig is up" —to shift the blame to Myren and to curry favor with the authorities. This is "a reality of the criminal process." *Id.* Further, P.B. was over the age of sixteen and subject to being tried as an adult. He had much to gain from cooperating.

The state argues P.B.'s statements to the police are particularly trustworthy because other evidence substantially corroborates them. The necessary showing of particularized guarantees of trustworthiness must be found in the confession itself or the circumstances surrounding the confession so as to afford the trier of fact a satisfactory basis for evaluating the truth of the statement. *See Mancusi v. Stubbs*, 408 U.S. 204, 213 (1972).

Evidence corroborating the statements implicating the defendant may be so overwhelming that the error of admitting an untested confession of an accomplice is harmless, but that evidence cannot be used to supply the "indicia of reliability" adequate to admit the confession as substantive evidence against the defendant. That would be bootstrapping the confession to fit the Confrontation Clause.

Nor did the opportunity to cross-examine P.B. at the preliminary hearing satisfy Myren's confrontation rights as to P.B.'s out-of-court confession. The Confrontation Clause reflects a preference for face-to-face confrontation *at trial*, *Roberts*, 448 U.S. at 63, or, in the alternative, an opportunity to test the out-of-court statement by "contemporaneous" cross-examination, or its equivalent. *Lee*, 476 U.S. at—, 90 L. Ed.2d at 528.

The admission of P.B.'s oral confession violated Myren's confrontation rights. The trial court erred in admitting that evidence for the purpose for which offered.[2]

## *PRELIMINARY HEARING TESTIMONY*

The trial court admitted P.B.'s preliminary hearing testimony pursuant to the former testimony exception as created by sec. 908.045(1), Stats.[3] We are not faced here with hearsay which is presumptively unreliable. We

---

[2] A confession of an accomplice may be introduced for nonhearsay purposes, such as rebuttal. *See Tennessee v. Street*, 471 U.S.—, 85 L.Ed.2d 425 (1985).

[3] Section 908.045, Stats., provides:

The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

must therefore make the *Bauer* analysis. The *Bauer* court set forth the hearsay/confrontation analysis as follows:

> The standard to be applied in determining whether hearsay evidence is admissible in a criminal case may be summarized as follows. The threshold question is whether the evidence fits within a recognized hearsay exception. If not, the evidence must be excluded. If so, the confrontation clause must be considered. There are two requisites to satisfaction of the confrontation right. First, the witness must be unavailable. Second, the evidence must bear some indicia of reliability. If the evidence fits within a firmly rooted hearsay exception, reliability can be inferred and the evidence is generally admissible. This inference of reliability does not, however, make the evidence admissible per se. The trial court must still examine the case to determine whether there are unusual circumstances which may warrant exclusion of the evidence. If the evidence does not fall within a firmly rooted hearsay exception, it can be admitted only upon a showing of particularized guarantees of trustworthiness.

*Id.*, 109 Wis.2d at 215, 325 N.W.2d at 863.

Although Myren concedes that the preliminary hearing testimony falls within a "firmly rooted" hearsay exception, he argues that the *Bauer* standard has not been satisfied in the instant case because there was vir-

(1) FORMER TESTIMONY. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of another proceeding, at the instance of or against a party with an opportunity to develop the testimony by direct, cross-, or redirect examination, with motive and interest similar to those of the party against whom now offered.

tually no cross-examination at the preliminary hearing on the issue of credibility, and the other evidence corroborating P.B.'s testimony is weak. Presumably Myren's argument is that, under the *Bauer* standard, either of these constitutes an unusual circumstance warranting exclusion of the preliminary hearing testimony.

## Cross-Examination

We conclude from our review of the preliminary hearing that Myren's cross-examination of P.B. was not significantly restricted by the court or the state. In dicta pertinent to this case, the Supreme Court stated:

> In the present case respondent's counsel does not appear to have been significantly limited in any way in the scope or nature of his cross-examination of the witness Porter at the preliminary hearing. If Porter had died or was otherwise unavailable, the Confrontation Clause would not have been violated by admitting his testimony given at the preliminary hearing–the right of cross-examination then afforded provides substantial compliance with the purposes behind the confrontation requirement, as long as the declarant's inability to give live testimony is in no way the fault of the State.

*California v. Green,* 399 U.S. 149, 166 (1970).

If the cross-examination of P.B. was limited, that was the result of trial strategy chosen by Myren. It is well established that the Confrontation Clause is satisfied by the opportunity for effective cross-examination.[4] Myren's opportunity to cross-examine P.B. and the

[4] "Generally speaking, the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination

439

cross-examination actually conducted provided substantial compliance with the purposes of the confrontation requirement.

## Corroborating Evidence

Myren contends that the evidence corroborating P.B.'s testimony at the preliminary hearing was so weak and "tainted" as to warrant excluding that testimony. The unusual circumstances which may warrant exclusion of hearsay evidence must be found in the circumstances surrounding the evidence itself, not in evidence which may tend to corroborate or to contradict such evidence. We deal with the question of admissibility of the evidence, not the weight. The weakness of the evidence corroborating P.B.'s preliminary hearing testimony is not an unusual circumstance warranting its exclusion.

## *ADMISSION OF P.B.'S CONFESSION: HARMLESS ERROR*

Because admission of P.B.'s oral confession violated Myren's confrontation rights, error exists. When error exists, we must set aside the verdict unless we are sure that the error did not influence the jury or had such

---

that is effective in whatever way, and to whatever extent, the defense might wish." (Emphasis in original.) *Delaware v. Fensterer*, 474 U.S.—, 88 L.Ed.2d 15, 19 (1985). Except in extraordinary cases no inquiry into the "effectiveness" of the cross-examination is required. *Roberts*, 488 U.S. at 73, n.12.

slight effect as to be *de minimis. State v. Dyess*, 124 Wis.2d 525, 542, 370 N.W.2d 222, 231 (1985).

The *Dyess* test is whether there is a reasonable possibility that the error contributed to the conviction. *Dyess*, 124 Wis.2d at 543, 370 N.W.2d at 231–32. The "reasonable possibility" test is substantively the same as the "reasonable probability" test declared by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 694 (1984). *Dyess*, 124 Wis.2d at 544, 370 N.W.2d at 232.

In *Dyess*, 124 Wis.2d at 545, 370 N.W.2d at 232–33, the court explained the harmless error test:

> This formulation, with its focus on whether the error "undermine[s] confidence in the outcome" (104 S. Ct. at 2068), is sufficiently sensitive and flexible to apply to a wide range of trial errors. Where the error affects rights of constitutional dimension or where the verdict is only weakly supported by the record, the reviewing court's confidence in the reliability of the proceeding may be undermined more easily than where the error was peripheral or the verdict strongly supported by evidence untainted by error. *See,* 104 S. Ct. at 2069; *id.* at 2073 (Brennan, J., concurring in part and dissenting in part); *id.* at 2080 n.17 (Marshall, J., dissenting).

The error here affects constitutional rights. In *Chapman v. California*, 386 U.S. 18 (1967), the Supreme Court held that in the context of a particular case, certain constitutional errors, no less than other errors, may be "harmless." Since *Chapman*, the Court has repeatedly reaffirmed the principle that an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the con-

stitutional error was harmless beyond a reasonable doubt. *See Delaware v. Van Arsdall*, 475 U.S.—, 89 L.Ed.2d 674 (1986) (denial of cross-examination of prosecution witness regarding bias); *United States v. Hasting*, 461 U.S. 499 (1983) (improper comment on defendant's silence at trial); *Moore v. Illinois*, 434 U.S. 220, (1977) (admission of identification obtained in violation of right to counsel); *Harrington v. California*, 395 U.S. 250 (1969) (admission of nontestifying co-defendant's statement).

The erroneous admission of P.B.'s confession was harmless beyond a reasonable doubt. The trial court carefully instructed the jury that: "[O]rdinarily, it is unsafe to convict upon the uncorroborated testimony of an accomplice." Myren was acquitted on the three counts where there was no physical evidence to corroborate P.B.'s confession. P.B.'s preliminary testimony was substantially identical to the statement given to the police. On redirect examination at the preliminary hearing P.B. answered the following question affirmatively: "[W]as the statement . . . that you gave . . . substantially identical with your testimony in court today?" P.B.'s confession, if considered at all by the jury, was merely cumulative. Finally, the jury had physical evidence which by itself would have been sufficient to sustain their verdict. The error of admitting P.B.'s confession does not undermine our confidence in the outcome. Myren's trial was fair. The error was harmless.

## OUT-OF-COURT IDENTIFICATION

Finally, Myren contends his motion for a mistrial should have been granted because an out-of-court pho-

tographic identification of him was impermissibly suggestive.

Myren indicts the showing of a single photograph of Myren to the witness who identified him at the time of trial as a person she saw go in and out of one of the residences and who she saw in the vicinity on two other occasions on the same day. Myren alleges this procedure was impermissibly suggestive. "A single photo identification is not to be presumed guilty until proved innocent." *Kain v. State*, 48 Wis.2d 212, 219, 179 N.W.2d 777, 782 (1970).

The *Kain* court said that each case must be considered on its own facts. *Id.* The facts of this case are that the witness's at-trial identification was not based upon an out-of-court photographic identification. The witness's identification was based upon actual observation. The record supports the finding of the trial court that the in-court identification had an independent basis and was reliable.[5] This finding is not clearly erroneous. *See* sec. 805.17(2), Stats.

In summary, we hold that the admission of P.B.'s confession was harmless error, that Myren's right to confrontation was not violated by admission of P.B.'s preliminary hearing testimony, and that the trial court properly denied Myren's motion for a mistrial based on the out-of-court photographic identification.

*By the Court.*—Judgment affirmed.

[5] If the in-court identification can stand independently of an excluded or suppressed pretrial identification, the in-court testimony is admissible. *Jones v. State*, 59 Wis.2d 184, 198, 207 N.W.2d 890, 897 (1973). *See also Jones v. State*, 562 F.2d 440, 443 (7th Cir. 1977).