State of Wisconsin, Plaintiff-Respondent,
v.
Richard L. Nemetz, Defendant-Appellant.
No. 03-1961-CR.
Court of Appeals of Wisconsin.
Opinion Filed: August 26, 2004.
Before Dykman, Vergeront and Lundsten, JJ.
¶1 PER CURIAM.
Richard Nemetz appeals from a judgment of conviction for one count of felony possession of a controlled substance, second offense, and one count of fleeing an officer. He contends that the trial court erred by denying his motions to suppress and to dismiss, arguing that evidence gathered at an investigatory stop should have been suppressed because officers lacked reasonable suspicion to justify the stop. Because the record shows that the officers had reliable information to reasonably suspect Nemetz of criminal activity, we affirm.
¶2 Kathleen Carroll was arrested for possession of cocaine. Deputy Sheriff Berlin said he would persuade the district attorney to reduce the charge if Carroll provided information to the police about a drug investigation. Carroll told Berlin that she had gotten her cocaine from Nemetz and that Nemetz would soon be taking a trip to purchase more. She provided Berlin with details of the trip, including the time and date of Nemetz's return, the type of car he would be driving, the direction from which he would return, and that a male passenger would accompany him.
¶3 Marinette County deputies spotted Nemetz driving north at the time and day that Carroll had indicated. He was driving the type of car Carroll had indicated, and was accompanied by a male passenger. The deputies attempted to stop Nemetz, who slowed but then accelerated and engaged police in a high-speed chase. Nemetz eventually turned onto a dead-end road and was arrested.
¶4 Nemetz contends that all evidence flowing from the attempted investigatory traffic stop should have been suppressed because police lacked reasonable suspicion that Nemetz was involved in criminal activity. He argues that Carroll's tip did not provide the police with reasonable suspicion because Carroll had provided the police with false information before, because she stood to gain personally from offering the tip, and because she was a person of questionable character.
¶5 Whether reasonable suspicion existed for an investigatory stop is a question of constitutional fact. State v. Williams, 2001 WI 21 ¶18, 241 Wis. 2d 631, 623 N.W.2d 106. We will uphold the trial court's findings of fact unless clearly erroneous, WIS. STAT. § 805.17(2), but we review de novo whether those facts meet the constitutional standard. Williams, 241 Wis. 2d 631, ¶18.
¶6 Without probable cause, police may temporarily detain and question a subject if the police have reasonable suspicion to believe that the subject is involved in criminal activity. Jones v. State, 70 Wis. 2d 62, 66-67, 233 N.W.2d 430 (1975); WIS. STAT. § 968.24 (2001-02).[1] This reasonable suspicion must be more than an "inchoate and unparticularized suspicion or `hunch.'" Terry v. Ohio, 392 U.S. 1, 27 (1968). A law enforcement officer must "reasonably suspect, in light of his or her experience, that some kind of criminal activity has taken or is taking place." State v. Richardson, 156 Wis. 2d 128, 139, 456 N.W.2d 830 (1990). A trial court determining the reasonableness of the suspicion must consider the totality of the circumstances, including "both the content of information possessed by police and its degree of reliability." Williams, 241 Wis. 2d 631, ¶22.
¶7 Carroll provided information to the police to reduce her charge. "When one person accuses another of a crime under circumstances in which the declarant stands to gain by inculpating another, the accusation is presumptively suspect." State v. Myren, 133 Wis. 2d 430, 436, 395 N.W.2d 818 (Ct. App. 1986). An informant may still be a reliable source for a tip, though, because police may assess the basis of the informant's claimed knowledge and hold the informant responsible for the accuracy of the tips he or she provides. Williams, 241 Wis. 2d 631, ¶29.
¶8 Carroll had previously used cocaine with Nemetz. He had given her cocaine as a gift on several occasions. The trial court found that Carroll "was receiving information about Mr. Nemetz's trip directly from Mr. Nemetz." Berlin verified several portions of Carroll's tip before attempting to stop Nemetz (the date and time of his return, the make of his car, the direction he would be traveling, the presence of a male passenger). "[W]hen significant aspects of the anonymous tips are independently corroborated by the police, the inference arises that the anonymous informant is telling the truth about the allegations of criminal activity." Williams, 241 Wis. 2d 631, ¶40, (quoting Richardson, 156 Wis. 2d at 142). Named informants are generally considered more reliable than anonymous tipsters. See Williams, 241 Wis. 2d 631, ¶35.
¶9 Nemetz contends that Carroll's questionable character indicates that her tip could not have been reliable enough to amount to a reasonable suspicion. Many criminal informants are of questionable character. Berlin verified various details of Carroll's tip before attempting the investigatory stop and thus confirmed their reliability. Based on the totality of the circumstances, we conclude that the trial court did not err by denying Nemetz's motion to suppress and dismiss.
¶10 Nemetz also contends that the trial court violated his rights to due process, to confront his accusers, and to compulsory process because "he was not afforded an opportunity to challenge the unrelated `tips' used to bolster the `reasonable suspicion.'" Because the state did not rely on any tips other than Carroll's as the basis for the deputies' reasonable suspicion, this argument lacks merit.
¶11 Nemetz further contends that the trial court erred in determining that Berlin's testimony at the motion hearing was more credible than Carroll's. (Appellant's Br. at 30.) When a trial court is the finder of fact, it is the ultimate arbiter of the credibility of witnesses and the weight to be given to each witness' testimony. State v. Peppertree Resort Villas, Inc., 2002 WI App 207, ¶19, 257 Wis. 2d 421, 651 N.W.2d 345. We therefore do not review the trial court's credibility determination.
By the Court.  Judgment affirmed.
NOTES
[1] WISCONSIN STAT. § 968.24 provides:

Temporary questioning without arrest. After having identified himself or herself as a law enforcement officer, a law enforcement officer may stop a person in a public place for a reasonable period of time when the officer reasonably suspects that such person is committing, is about to commit or has committed a crime, and may demand the name and address of the person and an explanation of the person's conduct. Such detention and temporary questioning shall be conducted in the vicinity where the person was stopped.
All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.